STATE OF NORTH CAROLINA v. KENNETH R. GREENWOOD

No. 7128SC519

(Filed 17 November 1971)

1. **Criminal Law § 149— right of State to appeal — quashal of warrant in superior court**

    The State, which had appealed the quashal of a warrant from the district court to the superior court, could likewise appeal the superior court's quashal of the warrant to the Court of Appeals. N. C. Constitution, Art. IV, § 12(6); G.S. 15-179.

2. **Municipal Corporations § 32— regulation of billiard halls — hours of operation — Sunday closing**

    The City of Asheville had statutory authority to enact an ordinance providing that billiard halls shall not be open between the hours of 12:00 midnight and 8:00 a.m. or at any time on Sunday. G.S. 160-200(33).

3. **Constitutional Law § 20; Municipal Corporations § 32— regulation of billiard halls — validity of statute and ordinance — failure to include bowling alleys**

    A statute and a municipal ordinance which regulate the operation of billiard halls are not rendered invalid on the ground that bowling alleys and snooker pool rooms are not also included therein.

4. **Constitutional Law § 12— regulation of billiard hall — rights of operator**

    The operator of a billiard hall has no vested constitutional right to engage in his business free from statutory regulation.

5. **Statutes § 4— presumption of constitutionality**

    The presumption is that an act of the General Assembly is constitutional.

6. **Statutes § 4— constitutionality of statute — burden of proof**

    The burden of establishing the unconstitutionality of a statute is upon him who assails it.

7. **Municipal Corporations § 32— ordinance regulating billiard halls — hours of operation — constitutionality**

    An ordinance of the City of Asheville providing that billiard halls shall not be open between the hours of 12:00 midnight and 8:00 a.m. or at any time on Sunday, *held* constitutional.

APPEAL by the State of North Carolina from *Ervin, Judge,* 25 January 1971 Session of Superior Court held in BUNCOMBE County.

Defendant was charged in a warrant, the affidavit portion of which reads as follows:

"The undersigned, E. F. Edwards, being duly sworn, complains and says that at and in the County named above and on or about the 13th day of Dec., 1970, the defendant named above did unlawfully, wilfully, Operate (as an employee of) the Family Recreatiln (sic) Center, (a licensee) at 85 Tunnel Road on Sunday The said family Recreation Center being a Billiard Hall consisting of 16 billiard tables in violation of City Ordance (sic) Chapter 7 Section 7-7. [Motion to amend allowed—Judge D.J.W.]

The offense charged here was committed against the peace and dignity of the State and in violation of law."

When the case was called for trial in the district court, the defendant made a motion to quash the warrant "on the grounds that the ordinance of which violation alleged, is unconstitutional and otherwise unlawful." The judge of the district court allowed the motion and dismissed the case. The State appealed to the superior Court.

The following judgment was entered by Judge Ervin in superior court:

"THIS CAUSE coming on to be heard and being heard before the undersigned Judge Presiding at the January 25, 1971 Criminal Session of the Superior Court of Buncombe County, North Carolina, upon the appeal of the State from the judgment entered by his Honor Dennis J. Winner, Judge of the District Court of Buncombe County, quashing the warrant issued in this action; and

The Court, after reviewing the warrant and the written Opinion of Judge Winner, and briefs filed by the parties, and hearing argument of counsel, being of the opinion that the Judgment entered by Judge Winner quashing the warrant issued in this cause should be affirmed.

IT IS, THEREFORE, ORDERED that the Judgment entered in the District Court Division of Buncombe County, dated December 22, 1970, is hereby affirmed."

The State of North Carolina objected and excepted to the judgment entered in the superior court and appealed to the Court of Appeals.

*Attorney General Morgan and Associate Attorney Baxter for the State, appellant.*

*Uzzell & Dumont by Harry Dumont for defendant appellee.*

MALLARD, Chief Judge.

[1]   The defendant challenges the right of the State to appeal from the judgment of the superior court.

The Constitution of North Carolina, Art. IV, § 12(6), provides that the General Assembly shall provide by general law a proper system of appeals. The General Assembly has provided a proper system of appeals for both the State and the defendant in criminal cases.

In criminal cases, it is provided in G.S. 7A-290 that any defendant who is convicted in the district court may appeal to the superior court where the trial is de novo. This statute relates solely to the right to appeal of a convicted defendant. In the superior court, the defendant, upon appeal, is entitled to a trial de novo by jury. G.S. 7A-196.

The State's right to appeal is limited. The General Assembly has provided in G.S. 15-179:

> "WHEN STATE MAY APPEAL.—An appeal to the appellate division or superior court may be taken by the State in the following cases, and no other. Where judgment has been given for the defendant—
>
> \*   \*   \*
>
> (3)  Upon a motion to quash.
>
> \*   \*   \*
>
> (6)  Upon declaring a statute unconstitutional."

Under this statute, if the State's right to appeal arises in the district court, the appeal is to the superior court; if it arises in the superior court, the appeal is to the appellate division. In this case, therefore, the State had the right to appeal from the district court to the superior court and from the superior court to the Appellate Division of the General Court of Justice.

The defendant further contends that when the State appealed from the district court to the superior court, the trial was de novo. In his brief, he moves that we dismiss the State's

appeal and cites in support of his contention the case of *State v. Sparrow,* 276 N.C. 499, 173 S.E. 2d 897 (1970). In *Sparrow,* however, the factual situation is distinguishable: There, the defendant appealed, not the State. G.S. 7A-290 specifically provides that upon a *defendant's* appeal from the district court to the superior court, the trial shall be de novo. G.S. 15-179 permits the *State* to appeal under the limited circumstances enumerated but does not specify that the trial must be de novo.

We think that the judgment of the superior court, the only one we are concerned with on this appeal, is sufficient to constitute a judgment given for the defendant upon a motion to quash. This permits the State to appeal to this court. The motion of the defendant to dismiss this appeal is denied.

[2] The defendant made certain exceptions to the case on appeal, but none of them concerned the actual contents of the ordinance in question; therefore, the authenticity of the ordinance is not in dispute. The ordinance appears on page 5 of the record and reads as follows:

"Sec. 7-7. OPERATION BETWEEN CERTAIN HOURS AND ON SUNDAY PROHIBITED.

It shall be unlawful for any billiard hall licensee or his employee to keep such billiard hall open or to operate the same between the hours of 12:00 midnight and 8:00 a.m., or at any time on Sunday. (Code 1945, § 185)"

The General Assembly, by enacting G.S. 160-200(33), gave to cities the power "(t)o license, prohibit, and *regulate* pool and billiard rooms and dance halls, and in the interest of public morals provide for the revocation of such licenses." (Emphasis added.)

The language of the statute indicates that the General Assembly recognized that the regulation and operation of pool and billiard rooms and of dance halls have a peculiar relation to public morals.

"The police power rests in the individual states, and in the exercise thereof the legislature may enact laws, within constitutional limits, to protect or promote the health, morals, order, safety, and general welfare of society. *State v. Ballance,* 229 N.C. 764, 51 S.E. 2d 731; *State v. Whitaker, supra.* The General Assembly may delegate to a

municipality, as an agency of the State, authority to enact ordinances in the exercise of the police power. *State v. Scoggins,* 236 N.C. 1, 72 S.E. 2d 97. However, the municipality has only such powers as are delegated to it, and such powers are, of course, subject to the same constitutional limitations as are police powers exercised directly by the State. *Winston-Salem v. Southern Ry., supra.* In reviewing the exercise of the police power, it is the sole duty of the court to ascertain whether the act violates any constitutional limitation, the question of public policy being solely within the province of the legislature. *State v. Whitaker, supra.* Generally, the police power can only be exercised by a body possessing legislative power, 16 C.J.S., Constitutional Law § 177 (1956), and it is generally accepted that the police powers of a municipality are to be carried into effect and discharged through provisions of ordinances or resolutions enacted by the Council or other governing authority at a meeting legally called. 37 Am. Jur. Municipal Corporations § 52 (1941) ; 2 McQuillin, Municipal Corporations § 10.30, at 816 (3d ed. 1966 rev. vol.) " *City of Raleigh v. R.R. Co.,* 275 N.C. 454, 168 S.E. 2d 389 (1969).

The State contends that the trial judge in the superior court committed error in affirming the order of the district court quashing the warrant.

The parties do not question the sufficiency of the warrant, as amended, to charge a violation of the ordinance. Nor is there any contention that the procedure used by the City of Asheville in adopting the ordinance was unlawful.

The defendant contends, however, that the statute does not specifically delegate the power to the cities to control the hours and days of operation of the places of business embraced therein. This contention is without merit. The clear language of the statute is sufficient to authorize the City of Asheville to adopt the ordinance in question.

[3]   Defendant further argues that the statute and ordinance are void because bowling alleys and snooker pool rooms are not included therein. This contention is also without merit. In *Turner v. New Bern,* 187 N.C. 541, 122 S.E. 469 (1924), it is stated :

"A statute enacted within the police power will not be adjudged invalid because an omitted subject . . . might have been properly included."

In *State v. Trantham,* 230 N.C. 641, 55 S.E. 2d 198 (1949), Justice Barnhill (later Chief Justice) said:

"Legislative bodies may distinguish, select, and classify objects of legislation. It sufficies if the classification is practical. *Magoin v. Bank,* 170 U.S. 283, 42 L. Ed. 1037; *S. v. Davis, supra.* They may prescribe different regulations for different classes, and discrimination as between classes is not such as to invalidate the legislative enactment. *Smith v. Wilkins,* 164 N.C. 135, 80 S.E. 168.

The very idea of classification is inequality, so that inequality in no manner determines the matter of constitutionality. *Bickett v. Tax Commission,* 177 N.C. 433, 99 S.E. 415; *R. R. v. Matthews,* 174 U.S. 96, 43 L. Ed. 909. The one requirement is that the ordinance must affect all persons similarly situated or engaged in the same business without discrimination. *City of Springfield v. Smith,* 322 Mo. 1129.

Only those ordinances which discriminate between those of a particular group or class who are similarly situated with reference to the subject matter of the legislation come within the constitutional inhibitions."

See also *State v. McGee,* 237 N.C. 633, 75 S.E. 2d 783 (1953); *State v. Glidden Co.,* 228 N.C. 664, 46 S.E. 2d 860 (1948); *State v. Denson,* 189 N.C. 173, 126 S.E. 517 (1925).

The desirability of, and constitutional authority for, having some statutory regulation of pool and billiard rooms have been recognized for many years. See *Murphy v. California,* 225 U.S. 623, 56 L. Ed. 1229 (1911); *Brunswick-Balke Co. v. Mecklenburg,* 181 N.C. 386, 107 S.E. 317 (1921).

In 4 Am. Jur. 2d, Amusements and Exhibitions, § 24, it is stated:

"Although the playing of pool or billiards is a lawful amusement, public pool and billiard rooms and tables, because of their harmful and vicious tendencies, may be regulated by the state in the exercise of its police power,

acting either directly or under a grant of power to munici-
palities or other political subdivisions, or absolutely pro-
hibited, and such a prohibition will be upheld if not
discriminatory."

In 86 C.J.S., Theaters & Shows, § 4, it is stated:

"In the exercise of the regulatory power, public places
of amusement may be required to open and close at reason-
able hours. Accordingly, a political subdivision of the state
may, within reasonable limits, regulate or prescribe the
opening and closing hours of dance halls, or of pool and
billiard halls, but not so as to impair rights granted under
state license."

In 6 McQuillin, Municipal Corporations (3rd ed. 1969) Rev.
Vol.), § 24.149, it is stated:

"Pool and billiard rooms and tables for public use may
be subject to municipal regulation, prohibition, or suppres-
sion, and licensing. An ordinance forbidding the conducting
of a snooker hall is within statutory authority to prohibit
pool and billiard halls. * * * (I)t has been held that a
municipal corporation may forbid the keeping of public
places for billiard playing apart from any gambling fea-
ture, because of the tendency of such places to attract youth
to associate with and become idlers and otherwise to disturb
the public welfare."

In *State v. Vanhook*, 182 N.C. 831, 109 S.E. 65 (1921),
the Supreme Court held that a statute, identical in language to
G.S. 160-200.(33), and an ordinance adopted pursuant thereto,
relating to the licensing of dance halls, were clearly a valid
exercise of the police power of the State. In so holding, the
Court said:

"Instances of a similar exercise of the police power
may be found in ordinances which prohibit disorderly con-
duct, or abusive or indecent language, or the entrance of
an unmarried minor into a saloon, or the pursuit of one's
ordinary business on Sunday; or which regulate the weigh-
ing of cotton, or the running at large of bird dogs during
the closed season for quail, or vaccination for the public
health, or which deal with various other situations affecting
the health, comfort, morals, and safety of the people."

[4]   The defendant has no vested constitutional right to engage in the business of operating a pool and billiard room free from statutory regulation. 16 C.J.S., Constitutional Law, § 224.

[5, 6]   The presumption is that an act of the General Assembly is constitutional. *State v. Warren,* 252 N.C. 690, 114 S.E. 2d 660 (1960) ; *Ramsey v. Veterans Commission,* 261 N.C. 645, 135 S.E. 2d 659 (1964). The burden of establishing the unconstitutionality of a statute is upon him who assails it. *Mobile Home Sales v. Tomlinson,* 276 N.C. 661, 174 S.E. 2d 542 (1970).

The General Assembly, in enacting the statute in question [G.S. 160-200(33)], selected and classified pool and billiard rooms as objects of legislation. The ordinance enacted by the City of Asheville under the authority granted by the statute affects all persons who operate a billiard hall within the city. Our research does not reveal that the Supreme Court has changed its holding that an ordinance adopted pursuant to the statute in question is within the police power of the State. *State v. Vanhook, supra.*

[7]   We hold that the statute is authority for the adoption of the ordinance; that the statute and the ordinance enacted pursuant thereto are not unreasonable, capricious or arbitrary; do not create a constitutionally prohibited discrimination between businesses of the same type; are not a denial of the equal protection of the laws; do not violate any constitutional limitation; and therefore are not unconstitutional.

The judge of the superior court committed error in allowing the defendant's motion to quash.

Reversed.

Judges HEDRICK and GRAHAM concur.