State v. Greene

appellate review of an order entered 12 March 1975 which denied relief from the judgment declaring her to be incompetent.

   Basil L. Whitener and Anne M. Lamm, for petitioner appellee.

   Roberts and Caldwell, P.A., by Joseph B. Roberts III; Mullen, Holland & Harrell, by Graham C. Mullen, attorneys for respondent appellant.

   ---

STATE OF NORTH CAROLINA v. JOHNNIE GREENE

No. 7518SC214

(Filed 18 June 1975)

Courts § 7; Criminal Law §§ 146, 149— quashal of warrant — unconstitutional ordinance — district court — appeal by State — jurisdiction in superior court

   The superior court erred in refusing to hear the State's appeal from a district court order quashing a warrant for loitering on the ground the city ordinance allegedly violated was unconstitutional and remanding the case to the district court "for the State to appeal direct to the appellate court" since only the superior court has jurisdiction of an appeal from the district court in a criminal case. G.S. 15-179(6).

APPEAL by the State from an order of Kivett, Judge. Order entered 16 January 1975 in Superior Court, GUILFORD County. Argued in the Court of Appeals 14 May 1975.

State v. Greene

Defendant was charged in a warrant with a violation of § 13-10 of the Greensboro City Code. This section prohibits loitering, loafing, or lounging in certain places. Defendant was arrested for "wilfully [loitering] upon the premises of [the] Union Bus Station . . . without having some immediate business upon the premises."

Defendant pleaded not guilty in district court, and a *nolle prosqui* was taken on 9 August 1974. Two weeks later, on 22 August, the case was reopened at defendant's request. The assistant public defender asked that the 9 August judgment be stricken and moved to quash the warrant on the grounds "that the charge was unconstitutional." The district judge allowed the motion. The State then appealed to the superior court. There Judge Kivett ordered the case remanded to the district court "for the State to appeal direct to the appellate court."

*Attorney General Edmisten, by Associate Attorney Isaac T. Avery III, for the State, appellant.*

*Wallace C. Harrelson, Public Defender, and Frank A. Campbell, Assistant Public Defender, for the defendant, appellee.*

BROCK, Chief Judge.

The State assigns as error (1) the district court's quashing of the warrant and (2) the failure of the superior court to hear its appeal from the district court's action.

G.S. 15-179 provides:

*"When State may appeal.*—An appeal to the appellate division or superior court may be taken by the State in the following cases, and no other. Where judgment has been given for the defendant—

\*    \*    \*

"(6) Upon declaring a statute unconstitutional."

"Under this statute, if the State's right to appeal arises in the district court, the appeal is to the superior court; if it arises in the superior court, the appeal is to the appellate division." *State v. Greenwood,* 12 N.C. App. 584, 586, 184 S.E. 2d 386 (1971), *rev'd on other grounds,* 280 N.C. 651, 187 S.E. 2d 8 (1972).

The superior court improperly refused to hear this case. It erred further in remanding the case to the district court "for the

State to appeal direct to the appellate court." This Court does not have jurisdiction of an appeal from the district court in a criminal case.

Appeal from the district court's order is dimissed; the order of Judge Kivett is reversed, and the case is remanded to the superior court for a hearing on the State's appeal from the order of the district court.

Judges CLARK and ARNOLD concur.