STATE OF NORTH CAROLINA v. MICKEY WAYNE DOBSON

No. 8029SC986

(Filed 7 April 1981)

Criminal Law § 149.1– granting of motion to suppress evidence – appeal by State

The State had no right to appeal an order granting defendant's motion to suppress evidence where the record failed to show that the prosecutor certified to the judge who granted the motion that the appeal was not being taken for the purpose of delay and that the suppressed evidence was essential to the case as required by G.S. 15A-979(c).

APPEAL by the State from *Gaines, Judge.* Order signed 7 July 1980 in Superior Court, TRANSYLVANIA County. Heard in the Court of Appeals 2 March 1981.

This is a criminal action in which the defendant was charged with two counts of felonious breaking or entering and two counts of felonious larceny after breaking or entering. Prior to trial, the defendant moved to suppress evidence, consisting of stolen firearms, obtained from his suitcase and automobile on the grounds that the warrantless searches and sei-

zures violated his Fourth Amendment rights under the United States Constitution. After a hearing on the motion, the trial court entered an order granting defendant's motion to suppress. The order includes the following statement: "to which findings of fact and conclusions of law and ruling, the State, in apt time, objects and excepts and gives notice of appeal to the Court of Appeals."

*Attorney General Edmisten by Associate Attorney Evelyn M. Coman, for the State-appellant.*

*V. Scott Peterson for the defendant-appellee.*

MARTIN (Robert M.), Judge.

We reluctantly must dismiss this appeal on the grounds that this Court lacks jurisdiction. As a general rule, the State cannot appeal proceedings from a judgment in favor of the defendant in a criminal case in the absence of a statute clearly conferring that right. *State v. Harrell*, 279 N.C. 464, 183 S.E. 2d 638 (1971); *State v. Horton*, 7 N.C. App. 497, 172 S.E. 2d 887 (1970). N.C. Gen. Stat. § 15A-1445 provides when the State may appeal in a criminal case as follows:

(a) Unless the rule against double jeopardy prohibits further prosecution, the State may appeal from the superior court to the appellate division:

(1) When there has been a decision or judgment dismissing criminal charges as to one or more counts.

(2) Upon the granting of a motion for a new trial on the ground of newly discovered or newly available evidence but only on questions of law.

(b) The State may appeal an order by the superior court granting a motion to suppress as provided in G.S. 15A-979.

In subsection (c) of N.C. Gen. Stat. § 15A-979 (Supp. 1979), the General Assembly made orders of the superior court granting motions to suppress evidence appealable to the appellate division prior to trial *"upon certificate by the prosecutor to the judge who granted the motion that the appeal is not taken for the purpose of delay and that the evidence is essential to the case."* (Emphasis added.) In our opinion, the above-quoted language constitutes a statutory prerequisite which must be met in order

for the State to have the right to appeal, prior to trial, an order granting a motion to suppress. Statutes authorizing an appeal by the prosecution must be strictly construed. *State v. Harrell, supra; State v. Horton, supra.*

In the present case, the portion of the order allowing defendant's motion to suppress stating that the State objected and excepted in apt time to the findings of fact, conclusions of law and ruling and gave notice of appeal to this Court does not meet the conditions set forth in § 15A-979(c). The statutory right of the State to appeal may not be enlarged by the superior court. *State v. Cox,* 216 N.C. 424, 5 S.E. 2d 125 (1939). There is no indication in the record of the present case as to whether the prosecutor certified to Judge Gaines that the appeal was not being taken for the purpose of delay and that the suppressed evidence was essential to the case. Thus we are unable to determine whether the State had a right to appeal the order. We believe that § 15A-979(c) not only requires the State to raise its right to appeal according to the statutory mandate, but also places the burden on the State to demonstrate that it had done so. *Cf. State v. Drakeford,* 37 N.C. App. 340, 246 S.E. 2d 55 (1978) (Article 53 of chapter 15A places the burden on the defendant of demonstrating that he has raised his motion to suppress according to its mandate.)

Because the appeal by the State in this case is not authorized by statute, this Court has no jurisdiction and the appeal must be dismissed.

Dismissed.

Chief Judge MORRIS and Judge WHICHARD concur.