STATE OF NORTH CAROLINA v. THOMAS TURNER, JR.

No. 8126SC421

(Filed 17 November 1981)

1. **Criminal Law § 149— order suppressing evidence—appeal by State—time for filing prosecutor's certificate**

    In order for the State to appeal a pretrial order allowing a motion to suppress evidence, the prosecutor's certificate required by G.S. 15A-979(c) stating that the appeal is not taken for the purpose of delay and that the evidence is essential to the case must be submitted to the trial judge within the ten-day period the case remains viable for appeal under G.S. 15A-1448(a)(1).

2. **Criminal Law § 148— appeal of order denying motion to suppress**

    Appellate review of an order which denies a motion to suppress may be had only after a judgment of conviction, including a judgment entered upon a plea of guilty. G.S. 15A-979(b).

    Judge WEBB dissenting.

.

APPEAL by the State and cross-appeal by defendant from *Johnson, Judge.* Order dated 29 December 1980 entered in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 14 October 1981.

Defendant was indicted for the breaking and entering of a dwelling house with the intent to commit a felony and felonious larceny after breaking and entering. Prior to trial, defendant moved to suppress the identification testimony of Aleasia Mungo and Eddy Mungo on the grounds that he was illegally arrested and subjected to an unconstitutional identification procedure. After a hearing on the motion, the trial judge entered an order granting defendant's motion to suppress the identification testimony of Aleasia Mungo and denying the motion to suppress the identification testimony of Eddy Mungo.

The State has appealed from that part of the order granting defendant's motion to suppress. The defendant has cross-appealed from that part of the order denying his motion to suppress.

*Attorney General Edmisten, by Assistant Attorney General Joan H. Byers, for the State-appellant.*

*Ellis M. Bragg for defendant-appellant.*

MARTIN (Robert M.), Judge.

[1] We dismiss the appeal by the State for lack of jurisdiction by this Court. The general rule is that the prosecution cannot appeal from a judgment in favor of a defendant in a criminal case in the absence of a statute clearly conferring that right. *State v. Harrell,* 279 N.C. 464, 183 S.E. 2d 638 (1971); *State v. Dobson,* 51 N.C. App. 445, 276 S.E. 2d 480 (1981). Statutes which authorize an appeal by the State must be strictly construed. *State v. Harrell, supra.*

N.C. G.S. § 15A-1445 grants to the State the right to appeal an order allowing a motion to suppress evidence as provided in N.C. G.S. § 15A-979. Subsection (c) of N.C. G.S. § 15A-979 states as follows:

An order by the superior court granting a motion to suppress prior to trial is appealable to the appellate division of the General Court of Justice prior to trial upon certificate by

State v. Turner

the prosecutor to the judge who granted the motion that the appeal is not taken for the purpose of delay and that the evidence is essential to the case.

We believe that the above statutory provision must be read in conjunction with N.C. G.S. § 15A-1448(a)(1) providing that "[a] case remains open for the taking of an appeal to the appellate division for a period of ten days after the entry of judgment." Construed as a whole, these statutes mandate that the State pursue its right to appeal by submitting to the trial judge the certificate required by N.C. G.S. § 15A-979(c) within the time period the case remains viable for appeal under N.C. G.S. § 15A-1448(a)(1) or the order will not be held appealable. The legislature has accorded to the State a specific procedure for appeal of this particular type of order granting a motion to suppress prior to trial. The burden is on the State to demonstrate that it has fully complied with all statutory requirements. *State v. Dobson*, 51 N.C. App. 445, 276 S.E. 2d 480 (1981).

In the case at hand the appeal entry states that the prosecution gave oral notice of appeal in open court on 9 December 1980. The record on appeal includes a document entitled "certification by prosecutor." Although we find nothing in error regarding the substance of this document, we note that the certificate, which is signed by the Attorney General on behalf of the District Attorney, is dated 16 February 1981 and bears no indication that it was either filed in the clerk's office of Mecklenburg County or actually submitted to the trial judge in apt time. Because of the State's failure to properly perfect its appeal, we find that this appeal is not authorized by statute and our court has no jurisdiction. The appeal must be dismissed.

[2]   We also find that this Court lacks jurisdiction to hear the appeal of defendant from that portion of the order denying his motion to suppress. Appellate review of an order which denies a motion to suppress may be had only after a judgment of conviction, including a judgment entered upon a plea of guilty. N.C. G.S. § 15A-979(b); *State v. Grogan*, 40 N.C. App. 371, 253 S.E. 2d 20 (1979). Defendant's appeal is premature and must also be dismissed.

The appeal by the State is

Dismissed.

The appeal by the defendant is

Dismissed.

Judge WELLS concurs.

Judge WEBB dissents.

Judge WEBB dissenting.

I dissent from the majority. The majority states that G.S. 15A-1445, G.S. 15A-1448(a)(1), and G.S. 15A-979 must be read together, which requires the prosecutor within ten days of an order suppressing testimony to file a certificate to the judge who granted the motion stating the appeal is not taken for the purpose of delay and the evidence is essential to the case. I do not so read these statutes together or singly. G.S. 15A-1448(a)(1) provides an appeal must be taken within ten days. This was done. G.S. 15A-979 requires the prosecutor's certificate must be filed. This was done. I would hold this Court should entertain the appeal.

I also believe the order of the superior court should be reversed because the findings of fact are not supported by the evidence. Among the facts found by the court was the following:

"That although she struggled with the individual in her bedroom, she was unable to recognize the face of the individual to the point of making an identification of the face."

The only testimony on this finding of fact was as follows:

"Q. Did you recognize him at that time?

A. Not when he grabbed me but when he first came in the room and I saw him.

Q. You recognized him when?

A. When he first came in the room."

I believe the evidence is to the effect that the witness had recognized the defendant before she struggled with him and not that she could not recognize him when they were struggling as found by the court.

The court also found as a fact that the witness's identification was based upon a name given to her by her brother. As I read her testimony, the witness testified she recognized the defendant as being a man she had seen in the neighborhood and when she told her brother who the intruder was, her brother told the witness the name of the defendant. This is the only evidence as to this finding of fact and it does not support the fact found in superior court.

The suppression of the witness's identification testimony was based on these two findings of fact which I do not believe were supported by the evidence. I would reverse and remand for another hearing on the State's appeal. I vote with the majority on the defendant's appeal.