STATE OF NORTH CAROLINA v. HARRY SHAW McDONALD

No. 8110SC683

(Filed 5 January 1982)

**Criminal Law § 149.1— granting of motion to suppress evidence—appeal by State**

> The State had no right to appeal an order granting defendant's motion to suppress evidence where the record failed to show that the prosecutor certified to the judge who granted the motion that the appeal was not being taken for the purpose of delay and that the suppressed evidence was essential to the case as required by G.S. 15A-979(c).

APPEAL by the State from *Godwin, Judge.* Order entered 4 June 1981 in Superior Court, WAKE County. Heard in the Court of Appeals 8 December 1981.

The defendant was charged with failure to stop for a school bus in violation of G.S. 20-217. The school bus driver recorded the license number of the car which had stopped briefly and then driven past the bus as it was stopped to pick up children. By using the license number, officers traced the car to defendant. A police officer contacted defendant by telephone and in person at defendant's home. During these conversations, defendant made several incriminating statements. The officer gave no *Miranda* warnings to defendant prior to questioning. After these discussions, defendant was issued a citation for passing a stopped school bus.

Defendant moved to suppress the statements made to the police officer on the ground that they violated his Fifth Amendment right against self-incrimination and his *Miranda* rights. After a hearing on the motion, the trial court entered an order granting defendant's motion to suppress. The State appeals from that order.

*Attorney General Edmisten by Associate Attorney James W. Lea, III, for the State, appellant.*

*Dimmock & Reagan by Thomas J. Dimmock for defendant appellee.*

CLARK, Judge.

The general rule is that the State cannot appeal from a judgment in favor of the defendant in a criminal proceeding in the

In re Bidstrup

absence of a statute clearly conferring that right. *State v. Harrell,* 279 N.C. 464, 183 S.E. 2d 638 (1971).

G.S. 15A-979(c) provides that orders of the superior court granting motions to suppress evidence are appealable to the appellate division prior to trial "upon certificate by the prosecutor to the judge who granted the motion that the appeal is not taken for the purpose of delay and that the evidence is essential to the case." As this court stated in *State v. Dobson,* 51 N.C. App. 445, 276 S.E. 2d 480 (1981), the above-quoted language "constitutes a statutory prerequisite which must be met in order for the State to have the right to appeal, prior to trial, an order granting a motion to suppress. Statutes authorizing an appeal by the prosecution must be strictly construed." (Citations omitted.) *Id.* at 446-447, 276 S.E. 2d at 482.

In the present case, there is no indication in the record that the prosecutor certified to Judge Godwin that the appeal was not being taken for the purpose of delay and that the suppressed evidence was essential to the case. The burden is on the State to demonstrate that it has the right to appeal and that it has followed the statutory mandate. *State v. Dobson, supra.* The State has failed to fulfill the statutory requirements in this case.

Therefore, the appeal by the State is not authorized by statute, and this court has no jurisdiction over the appeal.

Dismissed.

Judges WHICHARD and BECTON concur.