State v. Lay

STATE OF NORTH CAROLINA v. WILLIAM LAWRENCE LAY

No. 8127SC696

(Filed 20 April 1982)

1. **Criminal Law § 149— appeal from motion to suppress—time for filing prosecutor's certificate**

    The Court of Appeals had jurisdiction to hear an appeal by the State from an order granting defendant's motion to suppress where the State gave oral notice of appeal on the day judgment was entered and where the State filed the prosecutor's certificate approximately a month before the record on appeal was filed. G.S. 15A-979(c), G.S. 15A-1448(a)(1).

2. **Indictment and Warrant § 16— same warrant used for misdemeanor and felony charge—effect of quashal in misdemeanor charge on felony charge**

    Where the State elected to prosecute a felony and a misdemeanor charge against defendant separately, and where the charges stemmed from a search pursuant to one search warrant, the State was not collaterially estopped from proceeding under the search warrant on the felony charge, after the District Court in the misdemeanor case ordered the same warrant quashed on defendant's motion to suppress. G.S. 15A-612(a)(1) and G.S. 15A-627(a).

APPEAL by the State from *Kirby, Judge.* Judgment entered 13 May 1981 in Superior Court, CLEVELAND County. Heard in the Court of Appeals 9 December 1981.

The State appeals the grant of defendant's motion to suppress evidence obtained as a result of a search. The background of this case is as follows. On 7 August 1980, a search warrant was issued for defendant's residence, on probable cause to believe that defendant possessed illegal distillery equipment and controlled substances. The search executed that day revealed that defendant possessed one pint of non-tax-paid liquor, a misdemeanor violation of G.S. 18A-6, and 9,000 tablets of Methaqualone, a felony under G.S. 90-95(a)(1). The State elected to prosecute the charges against defendant separately, and proceeded first on the misdemeanor charge in district court. On defendant's motion to suppress, on 2 November 1980, District Judge Harris found that "[t]he search warrant does not meet the statutory requirements . . .", and ordered that the search warrant be quashed, and evidence seized pursuant to the warrant be suppressed. The prosecutor then dismissed the misdemeanor charge against defendant, and did not appeal Judge Harris' ruling.

On 20 January 1981, the State obtained indictments against defendant for possession, possession with intent to sell and deliver, and trafficking in controlled substances. In Superior Court, defendant moved to suppress evidence obtained from the 7 August search, on the ground that the State should be collaterally estopped from introducing such evidence since Judge Harris quashed the warrant and the State did not appeal his order. Judge Kirby heard the motion, and on 13 May 1981 filed an order granting defendant's motion to suppress, holding that the State was collaterally estopped from relitigating the issue of the search warrant's validity. From this order, the State appeals.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Joan H. Byers, for the State.*

*Harris, Bumgardner & Corry, by Tim L. Harris and Seth H. Langson, for defendant-appellee.*

WELLS, Judge.

Two issues are raised in this appeal: whether this Court has jurisdiction to hear the State's appeal, and whether Judge Kirby

correctly applied the doctrine of collateral estoppel to bar the State's relitigation of the validity of the search warrant, on defendant's motion to suppress on the felony charge in Superior Court.

[1]  Whether we have jurisdiction to hear this appeal is the threshold issue. The State's right to appeal derives solely from applicable statutes, which must be strictly construed. *State v. Harrell*, 279 N.C. 464, 183 S.E. 2d 638 (1971); *State v. Dobson*, 51 N.C. App. 445, 276 S.E. 2d 480 (1981). G.S. 15A-1448(a)(1) requires that notice of appeal be given within ten days after entry of judgment. This the State did, by giving oral notice of appeal on 13 May 1981, the day judgment was entered. The State did not, however, file the prosecutor's certificate required by G.S. 15A-979(c)[1] until 3 June 1981, a date outside the ten day period of G.S. 15A-1448(a)(1). In its recent decision in *State v. Turner*, --- N.C. --- (No. 166A81, filed 30 March 1982), our Supreme Court reversed the decision of the Court of Appeals, reported at 54 N.C. App. 631, 284 S.E. 2d 142 (1981), and held that G.S. 15A-1448(a)(1) and G.S. 15A-979(c) need not be construed together to require that the prosecutor's certificate also be filed within ten days of judgment. "We hold that the certificate envisioned by G.S. 15A-979(c) is timely filed if it is filed prior to the certification of the record on appeal to the appellate division." The prosecutor's certificate in this case having been filed on 3 June 1981, and the record on appeal having been filed 2 July 1981, we hold that the certificate required by G.S. 15A-979(c) was timely filed, and that this Court has jurisdiction to consider the State's appeal in this case. This assignment of error is therefore overruled.

---

1. § 15A-979. Motion to suppress evidence in superior and district court; orders of suppression; effects of orders and of failure to make motion.

(c) An order by the superior court granting a motion to suppress prior to trial is appealable to the appellate division of the General Court of Justice prior to trial upon certificate by the prosecutor to the judge who granted the motion that the appeal is not taken for the purpose of delay and that the evidence is essential to the case. The appeal is to the appellate court that would have jurisdiction if the defendant were found guilty of the charge and received the maximum punishment. If there are multiple charges affected by a motion to suppress, the ruling is appealable to the court with jurisdiction over the offense carrying the highest punishment. (1979, c. 723.)

[2]  The determinative issue in this appeal is whether the State is collaterally estopped from proceeding under the search warrant on the felony charge, after the District Court in the misdemeanor case ordered the same warrant quashed on defendant's motion to suppress. Applying the criteria set out for application of the doctrine of collateral estoppel in *King v. Grindstaff*, 284 N.C. 348, 200 S.E. 2d 799 (1973), defendant contends that the same issue was involved in both motions to suppress: the validity of the search warrant; that this issue was raised and actually litigated in the district court; the warrant's validity was material and relevant to the disposition in the district court; and that the outcome, or granting of defendant's suppression motion, was necessary and essential to the resulting judgment, which was a voluntary dismissal by the State of the misdemeanor charge against defendant.

Our courts have recognized the utility and equity of applying the doctrine of collateral estoppel to criminal cases where the requisite conditions have been met. *Ashe v. Swenson*, 397 U.S. 436, 25 L.Ed. 2d 469, 90 S.Ct. 1189 (1970); *see King v. Grindstaff*, supra. Our review of this case indicates that the controlling factor here is not whether the common law doctrine of collateral estoppel applies, however, but whether such an application, under these facts, would be consistent with this state's criminal procedure statutes.

Defendant's case was calendared in District Court for the morning of 23 October 1980, at which time defendant was to be tried on the misdemeanor charge and a preliminary hearing was to be held on the three felony counts. Defendant's cases were not called until the afternoon session of court, however, and by then the State's witnesses were unavailable to testify. On defendant's motion, Judge Harris agreed to hear only defendant's motion to suppress evidence in the misdemeanor case; he further decided not to call the felony cases for preliminary hearing at that time. Judge Harris then granted defendant's motion to suppress, ordered the warrant quashed, and the State dismissed the misdemeanor charge against defendant. Defendant later appeared in District Court for preliminary hearing on the felony charges, but the State announced in open court that it would not afford defendant a preliminary hearing; instead, it would seek bills of indictment directly from the grand jury. True bills of indictment as

to all three felonies were returned by the grand jury on 20 January 1981.

Under our criminal procedure statutes, the State has two ways in which it may bring a defendant to trial on a felony charge. Pursuant to G.S. 15A-612(a)(1), the State first may bring a probable cause hearing against defendant in District Court. If the District Court determines there is probable cause, defendant's case is bound over to Superior Court for trial. G.S. 15A-612(a)(1); G.S. 15A-627(a). If the District Court finds no probable cause, it must dismiss the charges against defendant. G.S. 15A-612(a)(3). Section (b) of that statute provides, however, that "No finding made by a judge under this section precludes the State from instituting a subsequent prosecution for the same offense." Thus, despite a finding of no probable cause made by a District Court, the State may subsequently seek an indictment on the same felony charge. G.S. 15A-627; *State v. Foster,* 282 N.C. 189, 192 S.E. 2d 320 (1972); *State v. Boltinhouse,* 49 N.C. App. 665, 272 S.E. 2d 148 (1980); *see* G.S. 15A-701(a1)(3). Further, the State may bypass the preliminary hearing entirely, and initially seek an indictment from the grand jury. G.S. 15A-627; *State v. McGee,* 47 N.C. App. 280, 267 S.E. 2d 67 (1980), *disc. rev. denied,* 301 N.C. 101, 273 S.E. 2d 306 (1980).

Assuming, *arguendo,* that after Judge Harris granted defendant's motion to suppress on the misdemeanor charge, he also held the preliminary hearing on the felony charges, quashed the warrant and excluded the contraband seized pursuant to it from evidence, and ruled that no probable cause existed for the felony charges, the State would not have been precluded from seeking an indictment on the felonies, and the District Court's ruling would have no legal effect whatsoever. G.S. 15A-612(b). It would be logically inconsistent to allow the ruling made by Judge Harris in the misdemeanor case to nullify statutory rights granted the State in prosecuting the felonies. We hold, therefore, that Judge Kirby erred in concluding that the State was collaterally estopped from asserting, in Superior Court, the validity of the search warrant upon which the State was relying in the felony indictments. The judgment below is

Reversed.

Judges ARNOLD and MARTIN (Harry C.) concur.