STATE OF NORTH CAROLINA v. GILBERT BLANDIN

No. 822SC567

(Filed 4 January 1983)

**Criminal Law § 149— order suppressing evidence—appeal by State—prosecutor's certificate not timely filed—dismissal of appeal**

    The State's appeal from a pretrial order allowing a motion to suppress seized evidence is dismissed where the prosecutor's certificate required by G.S. 15A-979(c) stating that the appeal is not taken for the purpose of delay and that the suppressed evidence is essential to the case was not filed by the State prior to the certification of the record on appeal to the appellate division.

APPEAL by the State from *Small, Judge.* Order entered 18 March 1982 in Superior Court, BEAUFORT County. Heard in Court of Appeals 7 December 1982.

    *Attorney General Rufus L. Edmisten, by Special Deputy Attorney General W. A. Raney, Jr. for the State, appellant.*

    *Jeffrey S. Miller for the defendant, appellee.*

HEDRICK, Judge.

The State purports to appeal an order of the Superior Court allowing the defendant's motion to suppress certain evidence seized pursuant to the search of the defendant's person. The record on appeal was docketed in this court on 7 June 1982. On 11 June 1982 the defendant filed in this court a motion to dismiss

the appeal for that the State had not filed the certificate mandated by G.S. § 15A-979(c) that the appeal was not taken for the purpose of delay and that the evidence suppressed is essential to the case.

On 18 June 1982 the State filed a motion in this court to add the certificate required by G.S. § 15A-979(c) to the record. On 21 June 1982 the State filed a response to the defendant's motion to dismiss arguing "that there are no specific time limitations on the prosecutor in filing a certificate under G.S. 15A-979(c) and that the certificate can be deemed to be timely as long as the Record on Appeal ultimately reflects the certification." In *State v. McDonald*, 55 N.C. App. 393, 285 S.E. 2d 282 (1982), filed 5 January 1982, this court held that the State had no right to appeal an order granting defendant's motion to suppress evidence where the record failed to show that the prosecutor certified to the judge who granted the motion that the appeal was not being taken for the purpose of delay and that the suppressed evidence was essential to the case as required by G.S. § 15A-979(c).

In *State v. Turner*, 305 N.C. 356, 359, 289 S.E. 2d 368, 370 (1982), filed 30 March 1982, Justice Britt speaking for our Supreme Court said: "We hold that the certificate envisioned by G.S. 15A-979(c) is timely filed if it is filed prior to the certification of the record on appeal to the appellate division. In the case at hand, since the certificate was served as a part of the record on appeal on 16 February 1981, and the record was certified by the clerk of superior court to the appellate division on 24 April 1981, the certificate was timely served."

In the present case, the certificate required by the statute has not yet been made a part of the record. Obviously, it was not filed before the record was certified by the Clerk of the Superior Court. Clearly the obvious purposes of the certificate discussed in *Turner* have not been satisfied.

In his brief the defendant argues: "To give the State the right to file the certificate after the case has already been docketed in the appellate court would be to reduce the requirement of the certificate to a nullity. If G.S. § 15A-979(c) means anything at all, it means that the Court is bound to dismiss this appeal."

We find the defendant's argument persuasive and the appeal is

Dismissed.

Judges WEBB and BECTON concur.