IN THE MATTER OF P.K.M.

No. COA11-1094

(Filed 20 March 2012)

**Appeal and Error—juvenile delinquency—no basis for appeal**

The State had no right to appeal the trial court's motion to suppress the juvenile defendant's statement in a delinquency case. The State lacked a statutory basis for appeal because the trial court's order did not terminate the prosecution.

Appeal by the State from order entered 18 July 2011 by Judge Kristina L. Earwood in Macon County District Court. Heard in the Court of Appeals 23 February 2012.

*Attorney General Roy Cooper, by Assistant Attorney General LaToya B. Powell, for the State.*

*The Law Office of Rich Cassady, by Rich Cassady, Esquire, for juvenile-appellee.*

STEELMAN, Judge.

Where the trial court's order granting the juvenile's motion to suppress did not terminate the prosecution, the State has no right of appeal.

IN RE P.K.M.

[219 N.C. App. 543 (2012)]

## I. Factual and Procedural Background

This case arises out of a delinquency petition filed against P.K.M., age twelve. The petition alleged that P.K.M. and several other juveniles broke into and vandalized a vacant building. The investigating detective received information indicating that P.K.M. was involved in the break-in. P.K.M. was called to the principal's office and then escorted to the school resource officer's office, where he met with the resource officer and the investigating detective. P.K.M. made incriminating statements during this meeting.

P.K.M. filed a motion to suppress the statements made to the resource officer and detective. The trial court granted P.K.M.'s motion to suppress based upon the United States Supreme Court's decision in *J.D.B. v. North Carolina*, 131 S. Ct. 2394, 180 L. Ed. 2d. 310 (2011). The State appealed and certified "pursuant to N.C.G.S. § 15A-979(c) . . . that the appeal [was] not taken for the purpose of delay and that the evidence suppressed [was] essential to the prosecution of the case."

## II. The State's Right to Appeal

P.K.M. contends the State's appeal must be dismissed because the State lacks a statutory basis for appeal. We agree.

### A. Standard of Review

Whether the State has a statutory right of appeal to this Court is a question of law that we review *de novo*. *See State v. Lay*, 56 N.C. App. 796, 798, 290 S.E.2d 405, 406 (1982) (reviewing this question as one of law and according no deference to the trial court proceedings).

### B. Analysis

A "proper party" may appeal any "final order" made by the trial court under the North Carolina Juvenile Code. N.C. Gen. Stat. § 7B-2602 (2011). The State is a proper party. *Id.* § 7B-2604(a). However, the State is limited to appealing two types of orders in delinquency proceedings. *Id.* § 7B-2604(b). It may appeal orders ruling that a state statute is unconstitutional. *Id.* § 7B-2604(b)(1). It may also appeal "[a]ny order which terminates the prosecution of a petition by upholding the defense of double jeopardy, by holding that a cause of action is not stated under a statute, or by granting a motion to suppress." *Id.* § 7B-2604(b)(2). Thus, the State may only appeal the order granting P.K.M.'s motion to suppress if that order terminated the prosecution.

**IN RE P.K.M.**

[219 N.C. App. 543 (2012)]

Although the State does not explicitly concede the issue, the State does not argue in its brief that the trial court's order terminated the prosecution. The trial court's order granting the motion to suppress did not state that the prosecution was terminated. The court did not dismiss the case. The State did not dismiss the case or inform the trial court that it could not proceed with the case for lack of evidence.

Granting a motion to suppress does not, standing alone, dispose of a juvenile delinquency case. *Cf. In re K.D.L.*, ___ N.C. App. ___, ___, 700 S.E.2d 766, 773 (2010) (reversing the denial of a motion to suppress and remanding for further proceedings because of the possibility that the State could have elected to proceed without the confession). Assuming *arguendo* that dismissal of the case for insufficient evidence is not required in order to satisfy the "terminates the prosecution" standard created by N.C. Gen. Stat. § 7B-2604(b)(2), our review of the record suggests the State could present alternate evidence of P.K.M.'s alleged involvement in the break-in. A teacher at P.K.M.'s school overheard several students discussing the break-in. This information led the police to develop P.K.M. as a suspect. The State does not argue on appeal that it could not have proceeded without P.K.M.'s statements, and we decline to make this assumption.

The State's certification referencing N.C. Gen. Stat. § 15A-979(c) has no bearing on this appeal. That statute governs the State's appeal of a motion to suppress in a criminal case. It does not apply to cases under the Juvenile Code.

"In North Carolina, there is no inherent right to appeal. Rather, avenues of appeal are created by statute." *Northfield Dev. Co. v. City of Burlington*, 165 N.C. App. 885, 887, 599 S.E.2d 921, 924 (2004) (citing *Cox v. Kinston*, 217 N.C. 391, 396, 8 S.E.2d 252, 257 (1940)). The State has no statutory right of appeal in this case, and it has not petitioned for certiorari review. Therefore, the State's appeal is

DISMISSED.

Judges ELMORE and STROUD concur.