STATE OF NORTH CAROLINA
v.
STEVEN GLENN BRYAN, DEFENDANT

No. COA13-520

Filed 5 November 2013

**Appeal and Error—appellate jurisdiction—appeal from district court dismissal**

An appeal by the State was not authorized by statute, and the Court of Appeals had no jurisdiction over the appeal, where defendant made a pretrial motion to dismiss a driving while impaired charge in district court; after a remand for further findings, the superior court affirmed the district court's preliminary order and remanded it to the district court for dismissal; and the State again appealed to the superior court. Since this appeal to superior court was from a final order of the district court, N.C.G.S. § 15A-1432 was the controlling statute and the State could then appeal only by following the procedures stated in N.C.G.S. § 15A-1432(e) and including a certificate that the appeal was not for purposes of delay. While the State sought to file a belated certificate by petitioning for a writ of *certiorari*, the Court of Appeals saw no reason to nullify the requirements of N.C.G.S. § 15A-1432(e) by allowing the petition.

Appeal by the State from the order entered 24 September 2012 by Judge John O. Craig in Forsyth County Superior Court. Heard in the Court of Appeals 9 October 2013.

*Attorney General Roy Cooper, by Assistant Attorney General Joseph L. Hyde, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Kathleen M. Joyce, for defendant-appellee.*

BRYANT, Judge.

Where the State fails to file a certificate as required by N.C. Gen. Stat. § 15A-1432(e) (2011) for appeal from a final judgment of the district court, this Court lacks jurisdiction over the appeal and must dismiss.

On 26 June 2010, defendant was stopped and arrested for misdemeanor driving with license revoked and driving while impaired ("DWI"). The vehicle he was driving was impounded. Over the course of the next fourteen months, defendant's case was set for trial, then continued, on eight occasions. Defendant filed two demands for a speedy trial on 6 July 2010 and 11 August 2011.

On 31 August 2011, the district court issued a written preliminary indication of intention to dismiss the DWI charges for a speedy trial violation. The State appealed to superior court on 2 September 2011, pursuant to N.C. Gen. Stat. § 20-38.7(a) and N.C. Gen. Stat. § 15A-1432(a)(1). On 12 October 2011, the superior court remanded the matter to district court for additional findings. Thereafter, defendant filed two requests for a hearing date on 17 October 2011 and 30 January 2012 and made two demands for a speedy trial on 3 November 2011 and 5 December 2011.

On 15 February 2012, the district court entered additional findings of fact and conclusions of law, determining that a speedy trial violation had occurred and indicating its intent to dismiss the DWI charge pending against defendant. On 16 February 2012, the State appealed to superior court, pursuant to N.C.G.S. § 20-38.7(a) and N.C.G.S. § 15A-1432(a)(1). On 20 February 2012 defendant made a request for a hearing date and a demand for a speedy trial. A second demand for a speedy trial was made on 26 March 2012. The superior court heard the State's appeal on 2-3 April 2012. On 13 June 2012, the superior court entered a written order affirming the district court's preliminary indication and remanded the case to district court for a final dismissal of the charges.[1]

On 20 July 2012, the district court entered a final order dismissing the charges against defendant. The State appealed the dismissal

---

1. The superior court's written order was made pursuant to N.C.G.S. § 20-38.7(a) and N.C.G.S. § 15A-1432(e).

to superior court, pursuant to N.C.G.S. § 15A-1432(a)(1). After a hearing on 6 September 2012, the superior court issued a written order on 24 September 2012 upholding the district court's dismissal of the charges based on a speedy trial violation. On 24 September 2012, the State filed a notice of appeal to this Court, pursuant to N.C. Gen. Stat. § 15A-1445(a)(1).

Defendant filed a motion to dismiss the State's appeal contemporaneously with his brief to this Court on 8 July 2013. On 16 July 2013, the State filed a response to defendant's motion to dismiss and a petition for writ of certiorari.

———————————

Defendant's motion to dismiss challenges the jurisdiction of this Court to hear the State's appeal based on the State's failure to fulfill the statutory requirements for a proper appeal. In addressing defendant's motion to dismiss, the State argues that its appeal from the final judgment of the district court was properly filed pursuant to N.C.G.S. § 15A-1445(a)(1) rather than N.C.G.S. § 15A-1432(e). We disagree.

Our Court holds that "the State cannot appeal proceedings from a judgment in favor of the defendant in a criminal case in the absence of a statute clearly conferring that right." *State v. Dobson*, 51 N.C. App. 445, 446, 276 S.E.2d 480, 481 (1981). Where a statute must be interpreted, "[t]he intent of the Legislature controls the interpretation of a statute." *State v. Davis*, 364 N.C. 297, 302, 698 S.E.2d 65, 68 (2010) (citation omitted).

North Carolina General Statutes, section 15A-1432, "Appeals by State from district court judge," sets forth the procedures the State must follow when it wishes to appeal from a district court to a superior court. Section 15A-1432(e) states that

> [i]f the superior court finds that the order of the district court was correct, it must enter an order affirming the judgment of the district court. *The State may appeal the order of the superior court to the appellate division upon certificate by the district attorney to the judge who affirmed the judgment that the appeal is not taken for the purpose of delay.*

N.C.G.S. § 15A-1432(e) (2011) (emphasis added). General Statutes, section 15A-1445(a)(1), "Appeal by the State," provides that "the State may appeal from the superior court to the appellate division . . . [w]hen there has been a decision or judgment dismissing criminal charges as to one or more counts." N.C.G.S. § 15A-1445(a)(1) (2011).

The State contends that N.C.G.S. § 15A-1445(a)(1), rather than N.C.G.S. § 15A-1432(e), controls its appeal because the State is appealing from a judgment of the superior court affirming the district court's dismissal. We note that N.C.G.S. § 15A-1432(e), "Appeals by State from district court judge," is placed within Article 90, "Appeals from Magistrates and District Court Judges." In comparison, N.C.G.S. § 15A-1445(a)(1), "Appeal by the State," is found within Article 91, "Appeal to Appellate Division." Such a categorical division of these two statutes helps to enforce their separate roles regarding appeals by the State from a final decision of a district court judge as opposed to a superior court judge. *See Printing Servs. of Greensboro v. Am. Capital Grp.*, 180 N.C. App. 70, 76, 637 S.E.2d 230, 233 (2006) (holding that a statute's intent may be gleaned from its title and legislative history, and that "[p]arts of the same statute dealing with the same subject matter must be considered and interpreted as a whole.") (citation omitted). Moreover, the legislative history of N.C.G.S. § 15A-1432(e) indicates that this statute was enacted to cover all appeals taken from final judgments issued by a district court. *See State v. Palmer*, 197 N.C. App. 201, 203, 676 S.E.2d 559, 561 (2009) ("[A]fter the superior court considers an appeal by the State . . . the superior court must then enter an order remanding the matter to the district court with instructions to finally grant or deny the defendant's pretrial motion . . . because the plain language of N.C.G.S. § 20-38.6(f) [and N.C.G.S. § 15A-1432] indicate[] that the General Assembly intended [that] the *district* court should enter the final judgment on [such] a . . . pretrial motion.") (citation and internal quotations omitted). As such, N.C.G.S. § 15A-1432(e) was intended to address appeals taken from a final order of a district court by the State. *See State v. Fowler*, 197 N.C. App. 1, 7, 676 S.E.2d 523, 532 (2009) ("N.C.G.S. § 15A-1432(a)(1) gives the State a statutory *right of appeal to superior court from a district court's order dismissing* criminal charges against a defendant, and N.C.G.S. § 15A-1432(e) gives the State a statutory *right of appeal* to this Court from a *superior court's* order affirming a *district court's dismissal.*) (emphasis added).

In contrast, the legislative history of N.C.G.S. § 15A-1445(a)(1) indicates that this statute is applicable to final orders issued by a superior court acting in its original jurisdiction. *See* N.C.G.S. § 15A-1445; *see also* N.C. Gen. Stat. §§ 7A-240 ("original general jurisdiction of all justiciable matters of a civil nature . . . is vested in the . . . superior court division), 7A-271 ("[g]eneral jurisdiction for the trial of criminal actions is vested in the superior court"). This statutory application is supported by our case law, as the State receives an automatic appeal as of right only from decisions by a superior court acting in its normal capacity. *See State*

*v. Greenwood,* 12 N.C. App. 584, 586, 184 S.E.2d 386, 387-88 (1971), *rev'd on other grounds,* 280 N.C. 651, 187 S.E.2d 8 (1972) (holding that where the State appeals from a final judgment of a superior court, "if the State's right to appeal arises in the district court, the appeal is to the superior court; if it arises in the superior court, the appeal is to the appellate division."); *see also State v. Osterhoudt,* ___ N.C. App. ___, ___, 731 S.E.2d 454, 458 (2012) ("Pursuant to N.C. Gen. Stat. § 15A-1445 . . . the State has a right of appeal to this Court if the superior court grants a defendant's motion to suppress.").

Here, defendant made before the district court a pretrial motion to dismiss the DWI charge for violation of his right to a speedy trial. The district court issued an order indicating its preliminary approval of defendant's motion. The State appealed this order to the superior court; the superior court remanded to the district court for additional findings of fact. Once the superior court received those further findings of fact, it affirmed the district court's preliminary order and remanded the case back to the district court with orders to affirm the dismissal of defendant's case. Upon the district court issuing its final judgment, pursuant to the superior court's orders, the State again appealed to the superior court. As this appeal to superior court was from a final order of the district court, N.C.G.S. § 15A-1432 is the controlling statute. As the superior court affirmed the order of the district court, the State could then appeal only by following the procedures stated in N.C.G.S. § 15A-1432(e):

> [i]f the superior court finds that the order of the district court was correct, it must enter an order affirming the judgment of the district court. *The State may appeal the order of the superior court to the appellate division upon certificate by the district attorney to the judge who affirmed the judgment that the appeal is not taken for the purpose of delay.*

The State also argues that N.C.G.S. § 15A-1432(e) is not applicable to its appeal because N.C.G.S. § 15A-1432(e)'s certificate requirement indicates that this statutory provision only applies to interlocutory orders. We disagree.

"An order is interlocutory if it does not determine the issues in an action, but instead merely directs some further proceeding preliminary to the final decree." *State v. Nichols,* 140 N.C. App. 597, 598, 537 S.E.2d 825, 826 (2000) (citation omitted). "As a general rule an appeal will not lie until there is a final determination of the whole case." *State v. Newman,* 186 N.C. App. 382, 384, 651 S.E.2d 584, 586 (2007) (citation omitted).

As already discussed, in the instant case the final order dismissing all charges against defendant was issued by the district court on 20 July 2012. Although the State appealed this final order to superior court, the superior court was limited, pursuant to N.C.G.S. § 15A-1432(e), to entering an order affirming the judgment of the district court. N.C.G.S. § 15A-1432(e). As such, the State's right of appeal was clearly from a final order by the district court. The State's contention that N.C.G.S. § 15A-1432(e)'s certificate requirement makes this statute applicable only to interlocutory orders is meritless. We further note that the language of N.C.G.S. § 15A-1432(e) confirms that the State's certificate requirement concerns final, rather than interlocutory orders, as

> [i]f the superior court finds that the order of the district court was correct, it must enter an order affirming the judgment of the district court. *The State may appeal the order of the superior court to the appellate division* upon certificate by the district attorney to the judge who affirmed the judgment that the appeal is not taken for the purpose of delay.

*Id.* As such, the plain language of N.C.G.S. § 15A-1432(e) leaves no doubt as to its requirement that the State must provide a certificate when appealing from a final order of a district court. "Where the language of a statute is clear and unambiguous, there is no room for judicial construction[,] and the courts must give [the statute] its plain and definite meaning, and are without power to interpolate, or superimpose, provisions and limitations not contained therein." *Liberty Mut. Ins. Co. v. Pennington*, 356 N.C. 571, 575, 573 S.E.2d 118, 121 (2002) (citations and internal quotations omitted). Accordingly, the State's argument that the requirement of a certificate applies only to interlocutory orders is overruled.

Therefore, the statutory requirements for appeal in the instant case are found in N.C.G.S. § 15A-1432(e). As the burden to demonstrate the right to appeal by following the statutory mandate is on the State, where the State fails to fulfill the statutory requirements, no appeal can be taken, and our Court is without jurisdiction over the appeal. *State v. McDonald*, 55 N.C. App. 393, 394, 285 S.E.2d 282, 283 (1982). Accordingly, "the appeal by the State is not authorized by statute, and this court has no jurisdiction over the appeal." *Id.*

The State further contends that even if a certificate was required, it has cured that defect by filing a belated certificate with its brief on appeal. We are not convinced, as we have held that where the State

sought to cure a failure to timely file a certificate by petitioning to file the certificate at a later date, the appeal must be dismissed because "[t]o give the State the right to file the certificate after the case has already been docketed in the appellate court would be to reduce the requirement of the certificate to a nullity." *State v. Blandin,* 60 N.C. App. 271, 272, 298 S.E.2d 759, 759-60 (1983).

Here, the State seeks to file a belated certificate by petitioning for a writ of certiorari. As we see no reason to nullify the requirements of N.C.G.S. § 15A-1432(e) by allowing the petition for writ of certiorari, we therefore deny the State's petition for writ of certiorari and dismiss the appeal.

Dismissed.

Judges HUNTER, Robert C., and STEELMAN concur.