STATE OF NORTH CAROLINA v. DENNIS ALLEN PALMER, II, Defendant

No. COA08-633

(Filed 19 May 2009)

**1. Appeal and Error— grant of motion to suppress—State's appeal from district to superior court—no statutory appellate appeal—certiorari**

Although the State had no statutory right of appeal, its petition for a writ of *certiorari* was granted to allow the State to appeal from a superior court order concluding that the State had not properly appealed a district court preliminary order granting defendant's motion to dismiss.

**2. Appeal and Error— grant of motion to suppress—State's appeal from district to superior court—timeliness**

The superior court erred by concluding that it was unable to determine whether it had jurisdiction to hear the State's appeal from a district court preliminary order granting defendant's motion to suppress based on the conclusion that the State was required to allege that the appeal was taken within ten days of the district court's preliminary determination.

**3. Appeal and Error— grant of motion to suppress—State's appeal from district to superior court—certificate of service—clerical error**

The superior court erred by concluding that the State's failure to include the month in the date given on a certificate of service of an appeal from district court to superior court rendered it unable to determine whether the appeal was timely.

Defendant did not allege that he was misled or prejudiced by the clerical error.

Appeal by the State from order entered 3 March 2008 by Judge Mark Klass in Davidson County Superior Court. Heard in the Court of Appeals 26 January 2009.

*Roy Cooper, Attorney General, by Jess D. Mekeel, Assistant Attorney General, and William B. Crumpler, Assistant Attorney General, for the State.*

*Barnes, Grimes, Bunce & Fraley, PLLC, by Jerry B. Grimes and Shawn L. Fraley, for defendant-appellee.*

MARTIN, Chief Judge.

On 10 February 2007, defendant Dennis Allen Palmer, II was arrested for willfully operating a motor vehicle while subject to an impairing substance in violation of N.C.G.S. § 20-138.1. On 30 July 2007, defendant filed a pretrial motion in district court in accordance with N.C.G.S. § 20-38.6(a) to suppress "[a]ny evidence of any kind or form obtained pursuant to the interaction of law enforcement and the defendant" at the time of his detention on 10 February. Defendant alleged that the officer lacked reasonable suspicion to detain defendant at the time of the stop of his automobile and lacked probable cause to arrest him.

The Davidson County District Court heard defendant's pretrial motion to suppress and, on 26 September 2007, issued a handwritten preliminary order pursuant to N.C.G.S. § 20-38.6(f) in which it made findings of fact and gave "the parties preliminary notice of its intention to grant [d]efendant's motion to suppress." The court further noted in its preliminary order that the State gave notice of appeal "in open court."

On 27 September 2007, the State filed its "State's Appeal to Superior Court" pursuant to N.C.G.S. § 20-38.7, in which it asserted that "[t]he State gave oral notice of appeal in open court after the hearing," and "further gives written notice of appeal [to the superior court] through this document." On 22 February 2008, the State's appeal was called for hearing in Davidson County Superior Court. At the beginning of the hearing, defendant challenged the State's appeal as not being properly before the court, contending the State did not sufficiently comply with the statutory requirements authorizing it to

appeal from the district court's 26 September preliminary order to superior court.

On 3 March 2008, the superior court filed its Order of Dismissal in which it concluded that "[i]t is the State's burden to demonstrate jurisdiction in this matter, and it has failed to do so" because "[t]he State has failed to properly file a motion appealing the indication of the District Court to suppress the evidence in this case as required by [N.C.G.S. §] 15A-951, [N.C.G.S. §] 20-38.7 and [N.C.G.S. §] 15A-1432." The superior court then ordered that "[t]he 'appeal' of the State from the decision of the District Criminal Court of Davidson County is hereby void, and the matter is remanded to the District Court for the entry of an order by the District Court Judge that heard the motion to suppress."

The State filed its "Appeal Entries," in an attempt to appeal to this Court from the superior court's order "voiding the State's appeal of the District Court's preliminary determination granting a motion to suppress." On 30 May 2008, the State filed a petition for writ of certiorari. On 19 June 2008, defendant filed a response to the State's petition for writ of certiorari and moved to dismiss the State's appeal.

---

[1] We must first determine whether this appeal is properly before us. In *State v. Fowler*, 197 N.C. App. ——, —— S.E.2d —— (2009), this Court determined that, after the superior court considers an appeal by the State pursuant to N.C.G.S. § 20-38.7(a), "the superior court must then enter an order remanding the matter to the district court with instructions to finally grant or deny the defendant's pretrial motion" made in accordance with N.C.G.S. § 20-38.6(a), because "the plain language of N.C.G.S. § 20-38.6(f) indicates that the General Assembly intended the *district* court should enter the final judgment on [such] a . . . pretrial motion." *Fowler*, 197 N.C. App. at ——, —— S.E.2d at ——. This Court further concluded that the State does not have a present statutory right of appeal to the Appellate Division from "a superior court's interlocutory order which may have the same 'effect' of a final order but requires further action for finality." *Id.* —— at ——, S.E.2d at ——.

In the present case, on 3 March 2008, the superior court concluded that the State's appeal from the district court's preliminary determination on defendant's motion to suppress was void, and ordered that the matter be remanded to the district court for "entry of a judgment in this matter on the motion to suppress filed by the

defendant." It is this 3 March order from which the State attempts to appeal to this Court. However, as we indicated above, the State has no statutory right of appeal from a superior court's interlocutory order remanding a matter to a district court for entry of a final order granting a defendant's pretrial motion to suppress or dismiss in an implied-consent offense case.

Thus, since the State has no statutory right of appeal to this Court from the superior court's 3 March 2008 order, we must grant defendant's motion to dismiss. *See id.* at ——, —— S.E.2d at —— ("[T]he [S]tate's right of appeal in a criminal proceeding is entirely statutory; it had no such right at the common law. [Accordingly, s]tatutes granting a right of appeal to the [S]tate must be strictly construed.") (second, third, and fourth alterations in original) (internal quotation marks omitted). Nevertheless, this Court may issue a writ of certiorari "when no right of appeal from an interlocutory order exists." N.C.R. App. P. 21(a)(1). Having determined that the State has no statutory right of appeal from the superior court's 3 March 2008 order, we exercise our discretion to grant the State's petition for writ of certiorari.

---

[2] The State contends, and we agree, the superior court erred by concluding that it was "unable to determine that it ha[d] jurisdiction to hear the State's 'appeal[,'] as the proper basis for this 'appeal' and the [superior c]ourt's jurisdiction to hear an appeal of this matter [wa]s not properly alleged in the State's sole filing in this matter," and that the State's filing was "insufficient as a matter of law to properly appeal the indication made by the District Court Judge concerning his intention to grant the defendant's motion to suppress."

N.C.G.S. § 20-38.6(f) provides, in part: "If the judge preliminarily indicates the [defendant's pretrial] motion [made in accordance with N.C.G.S. § 20-38.6(a)] should be granted, the judge shall not enter a final judgment on the motion until after the State has appealed to superior court or has indicated it does not intend to appeal." N.C. Gen. Stat. § 20-38.6(f) (2007). N.C.G.S. § 20-38.7(a) further provides: "The State may appeal to superior court any district court preliminary determination granting a motion to suppress or dismiss. . . . Any further appeal shall be governed by Article 90 of Chapter 15A of the General Statutes." N.C. Gen. Stat. § 20-38.7(a) (2007). However, neither these provisions, nor the remaining provisions of Article 2D of the General Statutes, set forth the procedures with which the State must comply in order to properly give notice of, or perfect, its appeal

to superior court pursuant to N.C.G.S. § 20-38.7(a) from a district court's preliminary determination indicating that it intends to grant a defendant's pretrial motion to suppress or dismiss.

Nevertheless, "where a statute regulating appeals to the Superior Court does not prescribe any rules, the courts may look to other general statutes regulating appeals in analogous cases and give them such application as the particular case and the language of the statute may warrant." *Summerell v. Chilean Nitrate Sales Corp.*, 218 N.C. 451, 453, 11 S.E.2d 304, 306 (1940). In doing so, it is essential that the courts "keep[] in view always the intention of the Legislature." *Cook v. Vickers*, 141 N.C. 101, 107, 53 S.E. 740, 742 (1906).

N.C.G.S. § 15A-1432, entitled "Appeals by State from district court judge," provides, in part:

> (a) Unless the rule against double jeopardy prohibits further prosecution, *the State may appeal from the district court judge to the superior court*:
>
> (1) When there has been a decision or judgment dismissing criminal charges as to one or more counts.
>
> . . . .
>
> (b) When the State appeals pursuant to subsection (a) the appeal is by written motion specifying the basis of the appeal made within 10 days after the entry of the judgment in the district court. The motion must be filed with the clerk and a copy served upon the defendant.

N.C. Gen. Stat. § 15A-1432(a)(1), (b) (2007) (emphasis added). In other words, by enacting subsection (a)(1) of N.C.G.S. § 15A-1432, the General Assembly has conferred upon the State a right of appeal to superior court from a district court's dismissal of criminal charges against a defendant and, in subsection (b), the General Assembly has enumerated the procedures with which the State must comply in order for such an appeal to be heard by the superior court.

It is our opinion that N.C.G.S. § 15A-1432, a statute which was enacted to "create[] a simplified motion practice for the State's appeal in such circumstances," *see* N.C. Gen. Stat. § 15A-1432 official commentary (2007), and which regulates the appeals by the State to superior court from a district court's final order dismissing criminal charges against a defendant, is analogous to N.C.G.S. § 20-38.7(a), which regulates, in part, the appeals by the State to superior court

from a district court's preliminary order indicating that it would grant a defendant's pretrial motions to dismiss or suppress. Thus, we look to the procedures prescribed by N.C.G.S. § 15A-1432(b) as a guide to determine whether the State properly appealed in the present case pursuant to N.C.G.S. § 20-38.7(a). Nevertheless, we are mindful that this Court has already determined that "the General Assembly's decision to refrain from establishing a time by which the State must give notice of appeal [pursuant to N.C.G.S. § 20-38.7(a)] from a district court's preliminary determination indicating that it would grant a defendant's pretrial motion" "does not infringe on a defendant's fundamental right to a speedy trial." *Fowler*, 197 N.C. App. at —, — S.E.2d at ; *see id.* ("[I]n the absence of a statute or rule of court prescribing the time for taking and perfecting an appeal, an appeal must be taken and perfected within a reasonable time. What is a reasonable time must, in all cases, depend upon the circumstances.") (citation and internal quotation marks omitted). Therefore, we decline to engraft upon N.C.G.S. § 20-38.7(a) the ten-day time limit for making an appeal specified in N.C.G.S. § 15A-1432(b). Hence, assuming without deciding that the State's oral notice of appeal in district court failed to give sufficient notice of its appeal to superior court pursuant to N.C.G.S. § 20-38.7(a), we examine only whether the State's written notice of appeal included in the record before us sufficiently conformed with the remaining requirements of N.C.G.S. § 15A-1432(b).

In the present case, as discussed above, the State filed its "State's Appeal to Superior Court" pursuant to N.C.G.S. § 20-38.7. In the caption of this filing, the State included defendant's name and address, as well as the file number referenced in the district court's 26 September 2007 preliminary order. The document further stated that the State "appeals to superior court the district court preliminary determination granting a motion to suppress or dismiss." The State's filing also enumerated the issues raised in defendant's 30 July 2007 pretrial motion to suppress, and recited almost verbatim all of the district court's findings of fact from its 26 September 2007 preliminary determination. The document was signed by the assistant district attorney and dated, "This the 27th day of September, 2007." However, the State's filing did not specify the date of the preliminary determination from which it was appealing.

The reviewing superior court found and concluded that the State was required to have "allege[d], in its motion that the appeal was taken within 10 days of the preliminary indication of the District Court Judge Presiding," and "[t]he document, entitled, 'State's Appeal

to Superior Court[,'] does not state when this indication or judgment was made by the presiding District Court Judge." Thus, the superior court stated that there was "no basis upon which [the superior court could] determine that jurisdiction to hear an appeal by the State still exists, in that it is not stated when this hearing was conducted, and whether this 'appeal' is timely."

However, as discussed above, we have declined to infer that the General Assembly intended to engraft upon N.C.G.S. § 20-38.7(a) the ten-day time limit for making an appeal specified in N.C.G.S. § 15A-1432(b). Accordingly, in light of the information that was included in the State's written motion, we hold the State's appeal sufficiently comported with the remaining requirements of N.C.G.S. § 15A-1432(b), and that the superior court erred by concluding that it was "unable to determine that it ha[d] jurisdiction to hear the State's 'appeal[,'] as the proper basis for this 'appeal' and the [superior c]ourt's jurisdiction to hear an appeal of this matter [wa]s not properly alleged in the State's sole filing in this matter."

[3] Additionally, a "Certificate of Service by Prosecutor" was included in the record before us which referenced the district court's file number of this matter. This certificate of service indicates that the "State's Appeal to Superior Court" was served by mail on defendant's attorney, is signed by the assistant district attorney, and is dated, "This the 27th day of 2007." The month is not indicated on this certificate of service, and the certificate is not file-stamped by the clerk of court.

The superior court found and concluded that the State's "fail[ure] to indicate a date that the service was perfected, as required by [N.C.G.S. § 15A-951 was] . . . insufficient to properly state a date of service as required by this statute," because it could not determine "from the face of the State's sole filing in this matter, that the certificate of service was done properly, or within the time frame required by the law." Although we recognize that the superior court correctly concluded that the State's certificate of service contained a clerical error, defendant does not allege that he was misled or prejudiced in any way by this error. Therefore, we further hold the superior court erred by concluding that the State's error rendered its appeal insufficient as a matter of law, and that the "State's Appeal to Superior Court" was "void" and warranted the superior court's decision to vacate the State's appeal and to remand the matter to the district court to enter a final judgment on defendant's motion to suppress.

Accordingly, we remand this matter to the superior court with instructions to review the district court's 26 September 2007 preliminary determination on defendant's motion to suppress according to the appropriate standard of review. *See Fowler*, 197 N.C. App. at ——, —— S.E.2d at —— ("[T]he district court's findings of fact are binding on the superior court and should be presumed to be supported by competent evidence *unless* there is a dispute about the findings of fact, in which case the matter must be reviewed by the superior court *de novo*.") (internal quotation marks omitted).

Remanded.

Judges BRYANT and BEASLEY concur.