STATE OF NORTH CAROLINA v. NICHOLAS MICHAEL RACKLEY

No. COA09-15

(Filed 20 October 2009)

**Appeal and Error— interlocutory orders—driving while impaired—superior court agreement with district court indication**

The Court of Appeals dismissed as interlocutory the State's appeal from a superior court's oral decision indicating its agreement with the district court's pretrial indication of dismissal of a driving while impaired prosecution.

Appeal by the State of North Carolina from an oral decision rendered 11 July 2008 by Judge John E. Nobles in Pitt County Superior Court. Heard in the Court of Appeals 10 June 2009.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Jess D. Mekeel, for the State.*

*The Robinson Law Firm, P.A., by Leslie S. Robinson, for defendant-appellee.*

JACKSON, Judge.

From the superior court's oral decision indicating its agreement with the district court's pre-trial indication pursuant to North Carolina General Statutes, section 20-38.6(f), the State appeals. For the reasons stated below, we dismiss.

On 11 May 2007, at approximately 1:24 a.m., Officer S. Styron ("Officer Styron") arrested Nicholas Michael Rackley ("defendant") and charged him for the offense of driving while impaired. On 18 March 2008, defendant filed a pretrial motion to dismiss in Pitt County District Court. On 15 April 2008, the Honorable Charles M. Vincent, District Court Judge Presiding ("Judge Vincent") made a preliminary determination pursuant to North Carolina General Statutes,

section 20-38.6(f) to grant defendant's motion. On 9 July 2008, Judge Vincent's order was reduced to writing and filed *nunc pro tunc* 15 April 2008.

On 23 April 2008, pursuant to North Carolina General Statutes, section 20-38.7(a), the State appealed Judge Vincent's order to Pitt County Superior Court, and on 11 July 2008, the matter came on for hearing before the Honorable John E. Nobles, Superior Court Judge presiding ("Judge Nobles"). By oral decision at the conclusion of the hearing, Judge Nobles stated his agreement with Judge Vincent's pretrial indication and incorporated the district court's findings of fact and conclusions of law. On 23 July 2008, the State appealed to this Court.

On appeal, the State asserts that its appeal properly lies with this Court pursuant to North Carolina General Statutes, section 20-38.7(a) read *in pari materia* with section 15A-1432(e). We disagree.

For the reasons set forth in *State v. Fowler*, 197 N.C. App. 1, 6-7, 676 S.E.2d 523, 532 (2009), we dismiss the State's appeal as interlocutory. *See also State v. Palmer*, 197 N.C. App. 201, 203, 676 S.E.2d 559, 561 (2009) (citing *Fowler*, 197 N.C. N.C. App. at 11-12, 676 S.E.2d at 535). Because we dismiss the State's appeal as interlocutory, the issues presented by defendant's motion and whether the trial court properly ruled upon defendant's motion are matters not properly before us at this time. *See Poore v. Poore*, 201 N.C. 791, 792, 161 S.E. 532, 533 (1931) ("It is no part of the function of the courts, in the exercise of the judicial power vested in them by the Constitution, to give advisory opinions, or to answer moot questions, or to maintain a legal bureau for those who may chance to be interested, for the time being, in the pursuit of some academic matter.") (citations omitted). Notwithstanding that the instant appeal was filed prior to our decisions in *Fowler* and *Palmer*, in order to give immediate effect to our analysis in those opinions, we decline to issue a writ of *certiorari* pursuant to North Carolina Rules of Appellate Procedure, Rule 21 to address the merits of the State's appeal. *See* N.C. R. App. P. 21 (2007).

Dismissed.

Judges McGEE and ERVIN concur.