ELMORE, Judge.
 

 *129
 
 Joshua Hutton (defendant) appeals from his no contest plea to impaired driving. The State filed a motion to dismiss the appeal and defendant filed a petition for writ of
 
 certiorari.
 
 After careful consideration, we deny defendant's petition for writ of
 
 certiorari
 
 and we grant the State's motion to dismiss the appeal.
 

 I. Background
 

 Defendant was charged with impaired driving under N.C. Gen.Stat. § 20-138.1 on 11 June 2011. Defendant filed a motion to suppress the results of the blood alcohol content reading in Davidson County District
 
 *203
 
 Court on 10 May 2012. The Honorable Jimmy L. Myers entered an order (preliminary determination) on 1 March 2013 concluding that the results of the test would be suppressed. The State gave oral notice of appeal to superior court that same day and filed a written notice of appeal on 7 March 2013 to Davidson County Superior Court. The notice of appeal stated that it was based on the preliminary indication suppressing the intoxilyzer/blood results.
 

 The State's appeal was heard on 16 May 2013 in Davidson County Superior Court. The court heard testimony from Trooper James Jackson, Van Williamson, and defendant. The Honorable Kevin M. Bridges entered an order on 30 July 2013 reversing the preliminary determination and remanding the matter to the district court for further proceedings. Nothing in the record indicates that the district court, on remand, entered a final order denying the motion to suppress. Defendant admits in his petition for writ of
 
 certiorari
 
 that neither he nor the State sought imposition of a final order upon remand to district court.
 

 Defendant subsequently entered a no contest plea to the impaired driving charge on 3 January 2014 in Davidson County District Court, and the Honorable Mary F. Covington sentenced defendant to a term of sixty days' imprisonment. The order of commitment stated, "defendant gives notice of appeal from the judgment of the District Court to the Superior Court."
 

 On appeal, defendant again entered a no contest plea to the impaired driving charge on 7 July 2014 in Davidson County Superior Court, and the Honorable Joseph N. Crosswhite suspended defendant's sentence and placed defendant on unsupervised probation for twelve months. The order of commitment stated, "defendant gives notice of appeal from the judgment of the Superior Court to the appellate division." The State
 
 *130
 
 filed a motion to dismiss the appeal with this Court on 29 June 2015. Defendant filed a petition for writ of
 
 certiorari
 
 on 13 July 2015.
 

 II. Analysis
 

 "In North Carolina, a defendant's right to appeal in a criminal proceeding is purely a creation of state statute. Furthermore, there is no federal constitutional right obligating courts to hear appeals in criminal proceedings."
 
 State v. Pimental,
 

 153 N.C.App. 69
 
 , 72,
 
 568 S.E.2d 867
 
 , 869 (2002) (citing
 
 Abney v. United States,
 

 431 U.S. 651
 
 , 656,
 
 97 S.Ct. 2034
 
 , 2038,
 
 52 L.Ed.2d 651
 
 , 657 (1977) ) (internal citations omitted).
 

 A defendant who has entered a plea of guilty or no contest to a felony or misdemeanor in superior court is entitled to appeal as a matter of right the issue of whether the sentence imposed:
 

 (1) Results from an incorrect finding of the defendant's prior record level under G.S. 15A-1340.14 or the defendant's prior conviction level under G.S. 15A-1340.21 ;
 

 (2) Contains a type of sentence disposition that is not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level; or
 

 (3) Contains a term of imprisonment that is for a duration not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level.
 

 N.C. Gen.Stat. § 15A-1444(a2)(1)-(3) (2013). "An order finally denying a motion to suppress evidence may be reviewed upon an appeal from a judgment of conviction, including a judgment entered upon a plea of guilty." N.C. Gen.Stat. § 15A-979(b) (2013). For the reasons discussed below, because the district court did not enter an order "finally denying" the motion to suppress, we are unable to review the issues presented in defendant's appeal.
 

 A. The State's Motion to Dismiss
 

 In the State's motion to dismiss, it argues that defendant has no right to appeal as defendant has not raised an appealable issue allowed by statute for this Court to review. The State contends that N.C. Gen.Stat. § 15A-1444 and N.C. Gen.Stat. § 15A-979(b), cited by defendant as authority for his appeal, do not provide a right of appeal in this case. Defendant argues that we should deny the State's motion to dismiss because he
 
 *131
 
 "took the necessary steps to preserve his right to appellate review of the order when
 
 *204
 
 he entered his no contest plea in superior court." Defendant contends that "[t]his case involves a straightforward application of this Court's statutory interpretation in
 
 State v. Palmer,
 

 197 N.C.App. 201
 
 , 204-06,
 
 676 S.E.2d 559
 
 , 561-62 (2009) [.]"
 

 The procedures for implied-consent offenses are provided for in Chapter 20 of our General Statutes. Specifically, section 20-38.6(f) provides,
 

 The judge shall set forth in writing the findings of fact and conclusions of law and preliminarily indicate whether the motion should be granted or denied. If the judge preliminarily indicates the motion should be granted,
 
 the judge shall not enter a final judgment on the motion until after the State has appealed to superior court
 
 or has indicated it does not intend to appeal.
 

 N.C. Gen.Stat. § 20-38.6(f) (2013) (emphasis added).
 

 Section 20-38.7 states,
 

 (a) The State may appeal to superior court any district court preliminary determination granting a motion to suppress or dismiss. If there is a dispute about the findings of fact, the superior court shall not be bound by the findings of the district court but shall determine the matter de novo. Any further appeal shall be governed by Article 90 of Chapter 15A of the General Statutes.
 

 (b) The defendant may not appeal a denial of a pretrial motion to suppress or to dismiss but may appeal upon conviction as provided by law.
 

 N.C. Gen.Stat. § 20-38.7 (2013).
 

 In
 
 State v. Palmer,
 
 the defendant was charged with willfully operating a motor vehicle while subject to an impairing substance, and he filed a motion to suppress "[a]ny evidence ... obtained pursuant to the interaction[,]" which the district court granted in a preliminary order.
 
 197 N.C.App. at 202
 
 ,
 
 676 S.E.2d at 560
 
 . The State gave notice of appeal in open court and filed a notice of appeal to superior court, which stated, "[t]he State gave oral notice of appeal in open court after the hearing," and "further gives written notice of appeal [to the superior court] through this document."
 

 Id.
 

 The defendant challenged the sufficiency of the State's appeal at the superior court hearing, contending that the
 
 *132
 
 State did not comply with the statutory requirements authorizing an appeal.
 
 Id.
 
 at 202-03,
 
 676 S.E.2d at 560
 
 . The superior court dismissed the State's appeal "because [t]he State ha[d] failed to properly file a motion appealing the indication of the District Court to suppress the evidence in this case as required by [section] 15A-951, [section] 20-38.7 and [section] 15A-1432."
 
 Id.
 
 at 203,
 
 676 S.E.2d at 560
 
 . The State attempted to appeal to this Court from the superior court's order.
 
 Id.
 
 at 203,
 
 676 S.E.2d at 561
 
 .
 

 We began our analysis by reviewing
 
 State v. Fowler,
 

 197 N.C.App. 1
 
 ,
 
 676 S.E.2d 523
 
 (2009), where
 

 this Court determined that, after the superior court considers an appeal by the State pursuant to N.C.G.S. § 20-38.7(a), "the superior court must then enter an order remanding the matter to the district court with instructions to finally grant or deny the defendant's pretrial motion" made in accordance with N.C.G.S. § 20-38.6(a), because "the plain language of N.C.G.S. § 20-38.6(f) indicates that the General Assembly intended the
 
 district
 
 court should enter the final judgment on [such] a ... pretrial motion."
 

 Palmer,
 

 197 N.C.App. at 203
 
 , 676 S.E.2d at 561 (citing
 
 Fowler,
 

 197 N.C.App. at 11-12
 
 , 676 S.E.2d at 535 ). We noted that the
 
 Fowler
 
 Court "further concluded that the State [did] not have a present statutory right of appeal to the Appellate Division from a superior court's interlocutory order which may have the same 'effect' of a final order but requires further action for finality."
 
 Id.
 
 (citing
 
 Fowler,
 

 197 N.C.App. at 6
 
 , 676 S.E.2d at 531 ) (internal quotation marks omitted). The
 
 Palmer
 
 Court, relying on the above authority, concluded that "the State has no statutory right of appeal from a superior court's interlocutory order remanding a matter to a district court for entry of a final order granting a defendant's pretrial motion to suppress [.]"
 
 Id.
 
 at 204,
 
 676 S.E.2d at 561
 
 .
 

 In this case, the State argues, and we agree, that if the superior court's ruling is not a final order for purposes of the State's
 
 *205
 
 appeal, it is likewise not a final order for purposes of defendant's appeal.
 
 [1]
 
 Because the district court did not enter a final judgment pursuant to section 20-38.6(f) denying the motion to suppress, and based on this Court's decision in
 
 State v. Palmer,
 
 defendant cannot seek review of the ruling
 
 *133
 
 on his motion to suppress.
 
 See
 
 N.C. Gen.Stat. § 15A-979 (b) (2013) ( "An order finally denying a motion to suppress evidence may be reviewed upon an appeal from a judgment of conviction, including a judgment entered upon a plea of guilty.").
 

 B. Defendant's Petition for Writ of Certiorari
 

 Defendant alternatively requests that we review the superior court's 30 July 2013 Order, which reversed the district court's 1 March 2013 Order, because all parties intended that defendant obtain full appellate review of the 30 July 2013 Order. "Where a defendant does not have an appeal of right, our statute provides for defendant to seek appellate review by a petition for writ of certiorari."
 
 State v. Jamerson,
 

 161 N.C.App. 527
 
 , 529,
 
 588 S.E.2d 545
 
 , 547 (2003) (citing N.C. Gen.Stat. § 15A-1444(e) ). Rule 21 of the North Carolina Rules of Appellate Procedure authorizes this Court to issue a writ of
 
 certiorari
 
 in the following situations: (1) the right to prosecute an appeal has been lost by failure to take timely action; (2) when no right of appeal from an interlocutory order exists; or (3) to review a trial court's ruling on a motion for appropriate relief. N.C.R.App. P. 21(a)(1) (2009).
 

 Here, defendant asks that we vacate his no contest plea, set aside the judgment, and remand the matter to superior court so that it may re-review the district court's preliminary determination on his motion to suppress. Although this Court has authority to grant
 
 certiorari,
 
 we decline to do so in this case.
 

 III. Conclusion
 

 In sum, we cannot review by right and we decline to review by
 
 certiorari
 
 the trial court's order. Therefore, we grant the State's motion to dismiss.
 

 DISMISSED.
 

 Chief Judge McGEE and Judge DAVIS concur.
 

 [1]
 

 See also
 

 State v. Osterhoudt,
 

 222 N.C.App. 620
 
 , 624,
 
 731 S.E.2d 454
 
 , 457 (2012) (noting "that the State is correct in its concession that it has no statutory right of appeal from a superior court order entered pursuant to N.C. Gen.Stat. § 20-38.7");
 
 State v. Rackley,
 

 200 N.C.App. 433
 
 , 434,
 
 684 S.E.2d 475
 
 , 476 (2009) (dismissing the State's appeal from the superior court's order pursuant to N.C. Gen.Stat. § 20-38.7(a) as interlocutory).