PER CURIAM.
 

 *628
 
 Upon remand from the Supreme Court of North Carolina to address the remaining issues,
 
 State v. Miller,
 
 --- N.C. ----,
 
 783 S.E.2d 194
 
 (2016). The State appeals from the superior court's order, which denied the State a hearing
 
 de novo
 
 under N.C. Gen.Stat. § 20-38.7(a) from the district court's "preliminary determination" that Defendant's motion to suppress should be granted.
 

 *629
 

 I. Background
 

 The procedural history of this case is set forth in this Court's prior opinion.
 
 State v. Miller,
 
 --- N.C.App. ----,
 
 773 S.E.2d 574
 
 , 2015 N.C.App. LEXIS 398 (unpublished).
 

 This Court filed a unanimous, unpublished opinion on 19 May 2015, which dismissed the State's appeal for lack of appellate jurisdiction. We also did not have jurisdiction to review the State's issue on appeal by writ of certiorari. The record on appeal before us at that time failed to show the court's order the State had purportedly appealed from was "entered" pursuant to N.C. Gen.Stat. § 15A-1432(e) (2015) ("If the superior court finds that the order of the district court was correct, it must
 
 enter an order
 
 affirming the judgment of the district court. The State may appeal the order of the superior court to the appellate division upon certificate by the district attorney to the judge who affirmed the judgment that the appeal is not taken for the purpose of delay." (emphasis supplied)).
 

 This Court's filed opinion, upon which the mandate issued on 8 June 2015, dismissed the State's appeal for lack of jurisdiction.
 
 See
 
 N.C. R.App. P. 32(b). The State failed to meet its burden, as appellant, to show in the record on appeal that the order appealed from had been "entered."
 

 Entering
 
 a judgment or an order is a ministerial act which consists in spreading it upon the record.... [A] judgment or an order is entered under [ Rule 4(a) ] when the clerk of court records or files the judge's decision regarding the judgment or order.
 

 State v. Oates,
 

 366 N.C. 264
 
 , 266,
 
 732 S.E.2d 571
 
 , 573 (2012) (citation and quotation marks omitted) (emphasis in original).
 

 The record before this Court, when the appeal was heard, failed to meet the State's jurisdictional burden to show the order the State purportedly appealed from had been "entered" in accordance with the N.C. Gen.Stat. § 15A-1432(e) and rule set forth in
 
 Oates.
 
 The Supreme Court entered an order allowing an amendment of the record to add
 
 *369
 
 the minutes of the relevant superior court session, to allow the appellant to show the Clerk of Superior Court of Mecklenburg County had, in fact, "entered" the order appealed from by recording or filing the judge's decision in accordance with the statute and
 
 Oates. See
 
 Order Amending Record on Appeal
 
 17 Mar. 2016
 
 ;
 
 Miller,
 
 --- N.C. at ----,
 
 783 S.E.2d at
 
 200 ;
 
 Oates,
 

 366 N.C. at 266
 
 ,
 
 732 S.E.2d at 573
 
 .
 

 After amending the record on appeal to reflect the clerk's entry of the court's order, the Supreme Court determined the order appealed
 
 *630
 
 from had been properly "entered" to provide jurisdiction in the Appellate Division, and remanded to this Court for consideration of the remaining issues asserted in the State's appeal.
 

 "It is well established that the appellant bears the burden of showing to this Court that the appeal is proper."
 
 Johnson v. Lucas,
 

 168 N.C.App. 515
 
 , 518,
 
 608 S.E.2d 336
 
 , 338,
 
 affirmed,
 

 360 N.C. 53
 
 ,
 
 619 S.E.2d 502
 
 (2005). Appellant's failure to initially demonstrate and establish appellate jurisdiction in this Court unnecessarily expended scarce appellate judicial resources. " 'It is ... not the duty of this Court to construct arguments for or find support for appellant's right to appeal.' "
 

 Id.
 

 (quoting
 
 Thompson v. Norfolk & Southern Ry.,
 

 140 N.C.App. 115
 
 , 121,
 
 535 S.E.2d 397
 
 , 401 (2000) ).
 

 II. State's Notice of Appeal to the North Carolina Court of Appeals
 

 Defendant argues the State's appeal should be dismissed because the State's notice of appeal to this Court is insufficient to confer jurisdiction. This separate argument for dismissal of the State's appeal has not been addressed by either this Court or by the Supreme Court. Prior to the original hearing date of this case, the State also filed a petition for writ of certiorari, to seek review of the superior court's 15 November 2013 order, in the event this Court determines the State had failed to file a proper notice of appeal to this Court.
 

 In a case involving an implied consent offense, "[t]he State may appeal to superior court any district court preliminary determination granting a motion to suppress or dismiss." N.C. Gen.Stat. § 20-38.7(a) (2015). After it considers the State's appeal from the district court's "preliminary determination", the superior court must "then enter an order remanding the matter to the district court with instructions to finally grant or deny the defendant's pretrial motion."
 
 State v. Fowler,
 

 197 N.C.App. 1
 
 , 11,
 
 676 S.E.2d 523
 
 , 535 (2009),
 
 disc. review denied,
 

 364 N.C. 129
 
 ,
 
 696 S.E.2d 695
 
 (2010).
 

 The State does not have any right to directly appeal to the appellate division from the district court's final order granting a defendant's pretrial motion to suppress evidence.
 
 Id.
 
 at 29,
 
 676 S.E.2d at 546
 
 . The State must again appeal "to the superior court from [the] district court's final
 
 dismissal
 
 of criminal charges against [the] defendant."
 

 Id.
 

 (emphasis in original). Only then may the State appeal to the appellate division from the superior court's entered order, affirming the district court's final order of dismissal under N.C. Gen.Stat. § 15A-1432(e).
 
 Id.
 
 at 7,
 
 676 S.E.2d at 532
 
 (" [N.C. Gen.Stat.] § 15A-1432(a)(1) gives the State a statutory right of appeal to superior court from a district court's order
 
 *631
 
 dismissing criminal charges against a defendant, and [N.C. Gen.Stat.] § 15A-1432(e) gives the State a statutory right of appeal to this Court from a superior court's order affirming a district court's dismissal.").
 

 Here, the State appealed to the superior court from the district court's preliminary determination granting Defendant's motion to suppress. N.C. Gen.Stat. § 20-38.7(a). By order entered 15 November 2013, the superior court determined the State's general notice of appeal, without more, was insufficient and declined to grant the State a
 
 de novo
 
 hearing.
 

 The superior court remanded the case to the district court for entry of a final order. The superior court entered an oral order "affirming" the final order of the district court on 2 June 2014, which provided a statutory avenue for the State's appeal to this Court under N.C. Gen.Stat. § 15A-1432(e). The State's "notice of appeal" to this Court states as follows:
 

 *370
 
 NOW COMES the State of North Carolina, by and through the undersigned Assistant District Attorney, pursuant to N.C.G.S. § 15A-1445(a)(1), and gives notice of appeal from the Superior Court of Mecklenburg County to the North Carolina Court of Appeals from the Order of the Honorable Linwood O. Foust, Superior Court Judge presiding, issued June 2, 2014, in which the Court granted the defendant's motion to suppress pursuant to N.C.G.S. § 15A-954(a)(1) and N.C.G.S. § 15A-954(a)(8).
 

 In its sole argument on appeal, the State argues the superior court erred by denying the State a
 
 de novo
 
 evidentiary hearing from the district court's order granting Defendant's motion to suppress. The order to which the State assigns error was issued by the superior court on 15 November 2013, and which dismissed the State's appeal and denied the State's request for a
 
 de novo
 
 hearing. This order is not mentioned nor addressed in the State's notice of appeal to this Court.
 

 Defendant argues this Court is without jurisdiction to address the State's appeal, because the State has appealed from the incorrect order. Defendant asserts the express language of the State's notice of appeal shows the State has appealed from the superior court's order issued on 2 June 2014, which was entered at the State's request to affirm the district court's final order granting Defendant's motion to suppress.
 

 "As a general rule an appeal will not lie until there is a final determination of the whole case."
 
 State v. Newman,
 

 186 N.C.App. 382
 
 , 384,
 
 651 S.E.2d 584
 
 , 586 (2007),
 
 disc. review denied,
 

 *632
 

 362 N.C. 478
 
 ,
 
 667 S.E.2d 234
 
 (2008) (citation omitted). The 15 November 2013 order of the superior court was not a final order and is interlocutory under the current statutory scheme. For the State to appeal from the 15 November 2013 order, the case was required to be remanded to the district court for entry of a final order of its "preliminary determination" to suppress and subsequently be appealed to the superior court to enter an order affirming the district court's final order.
 
 Fowler,
 

 197 N.C.App. at 11
 
 ,
 
 676 S.E.2d at
 
 535 ; N.C. Gen.Stat. § 15A-1432(a) and (e).
 

 The district court's final order, affirmed by the superior court on 2 June 2014, stated the superior court's denial of a hearing
 
 de novo
 
 was the basis for entry of the order. Here, notice of appeal from the superior court's order entered 2 June 2014, constituted notice of appeal to the previous proceedings. The State's failure to cite to the 15 November 2013 order does not divest this Court of jurisdiction to hear the issues raised by the State's appeal.
 

 Defendant also argues the State's notice of appeal to this Court cites an incorrect statute to support its contention that the State has a right to seek review in the appellate division. The statute cited in the State's notice of appeal to this Court, N.C. Gen.Stat. § 15A-1445(a)(1), provides the State may appeal from the superior court to the appellate division "[w]hen there has been a decision or judgment dismissing criminal charges as to one or more counts." N.C. Gen.Stat. § 15A-1445(a)(1) (2015). Defendant contends N.C. Gen.Stat. § 15A-1445(a)(1) is inapplicable to his appeal.
 
 See
 

 State v. Bryan,
 

 230 N.C.App. 324
 
 , 327,
 
 749 S.E.2d 900
 
 , 903 (2013) ("In contrast [to N.C. Gen.Stat. § 15A-1432(e) ], the legislative history of [N.C. Gen.Stat.] § 15A-1445(a)(1) indicates that this statute is applicable to final orders issued by a superior court acting in its
 
 original jurisdiction
 
 .... This statutory application is supported by our case law, as the State receives an automatic appeal as of right only from decisions by a superior court acting in its normal capacity." (emphasis supplied) (internal citations omitted)),
 
 disc. review denied,
 

 367 N.C. 330
 
 ,
 
 755 S.E.2d 615
 
 (2014).
 

 While we agree that N.C. Gen.Stat. § 15A-1432(e), and not § 15A-1445(a)(1), is the statute that confers jurisdiction upon this Court to hear the issue raised by the State's appeal, Defendant's motion to dismiss does not address the State's oral notice of appeal. The State entered both an oral and written notice of appeal. Pursuant to Rule 4 of the North Carolina Rules of Appellate Procedure, "
 
 any party
 
 entitled by law to appeal from a judgment or order of a superior or district court rendered in a criminal action
 
 *371
 
 may take appeal by ... giving oral notice of appeal at trial." N.C. R.App. P. 4(a)(1) (emphasis supplied).
 
 *633
 
 In
 
 Oates,
 
 the Supreme Court stated Appellate Rule 4(a) " permits oral notice of appeal, but only if given at the time of trial or, as here,
 
 of the pretrial hearing.
 
 "
 
 366 N.C. at 268
 
 ,
 
 732 S.E.2d at 574
 
 (emphasis supplied). Here, the superior court orally affirmed the final order of the district court pursuant to the State's request. The prosecutor orally entered notice of appeal to this Court immediately thereafter.
 

 Following the State's oral notice of appeal, the written notice was superfluous. The State's appeal is properly before this Court pursuant to Rule 4. It is unnecessary to rule upon the State's petition for writ of certiorari. That petition is dismissed as moot.
 

 III. Denial of a Hearing De Novo
 

 The State argues the superior court erred by denying the State a hearing
 
 de novo
 
 from the district court's "preliminary determination" that Defendant's motion to suppress should be granted.
 

 Pursuant to N.C. Gen.Stat. § 20-38.7,
 

 [t]he State may appeal to superior court any district court preliminary determination granting a motion to suppress or dismiss.
 
 If there is a dispute about the findings of fact,
 
 the superior court shall not be bound by the findings of the district court but shall determine the matter de novo. Any further appeal shall be governed by Article 90 of Chapter 15A of the General Statutes.
 

 N.C. Gen.Stat. § 20-38.7(a) (emphasis supplied). The plain language of the statute requires the superior court to determine the matter "
 
 de novo
 
 " only "if there is a dispute about the findings of fact."
 

 Id.
 

 Here, the district court judge made six findings of fact based upon the officer's testimony, and pertaining to the officer's stop of Defendant's vehicle. The State's notice of appeal to the superior court states as follows:
 

 NOW COMES the undersigned Assistant District Attorney for the Twenty-Sixth Prosecutorial District and respectfully enters notice of appeal pursuant to N.C.G.S. §§ 20-38.7 in the above captioned case and shows the Court the following:
 

 1. On June 3, 2013, Defendant through his attorney made a pre-trial motion to suppress alleging a lack of reasonable suspicion to stop the Defendant.
 

 *634
 
 2. The Honorable Kim Best-Staton, District Court Judge presiding, indicated in open court on June 3, 2013 that she would take the matter under advisement after hearing arguments from defense counsel and the State.
 

 3. On June 7, 2013, the Honorable Kim Best-Staton granted Defendant's motion to suppress for lack of reasonable suspicion to stop the Defendant.
 

 4. On July 12, 2013, the Honorable Kim Best-Staton made the required written findings and signed her Findings of Fact and Conclusions of Law.
 

 5. The State respectfully contends that the District Court's decision to grant the Defendant's motion to suppress was contrary to the law.
 

 6. The State disputes the District Court Judge's Findings of Fact and respectfully requests a hearing
 
 de novo
 
 in Superior Court.
 

 THEREFORE, based on the foregoing, the State of North Carolina respectfully enters notice of appeal and requests a hearing
 
 de novo
 
 in superior court.
 

 The superior court dismissed the State's appeal and denied the State a hearing
 
 de novo,
 
 because "the State could not articulate in the written Notice of Appeal which specific FINDINGS OF FACT or CONCLUSIONS OF LAW the State objected." The court did review, and affirmed, the district court's decision.
 

 Statutes granting the State a right to appeal are strictly construed.
 
 State v. Murrell,
 

 54 N.C.App. 342
 
 , 343,
 
 283 S.E.2d 173
 
 , 173,
 
 disc. review denied,
 

 304 N.C. 731
 
 ,
 
 288 S.E.2d 804
 
 (1982). The statute is silent in the manner in which the State is required to give notice of appeal from the district court's "preliminary determination" that it intends to grant a defendant's pretrial motion to suppress or dismiss. N.C. Gen.Stat. § 20-38.7(a).
 

 *372
 
 The key inquiry becomes whether N.C. Gen.Stat. § 20-38.7(a) requires more than a general objection by the State to the district court judge's findings of fact or an assertion of new facts or evidence in order to demonstrate a "dispute about the findings of fact." N.C. Gen.Stat. § 20-38.7(a).
 

 In
 
 State v. Palmer,
 

 197 N.C.App. 201
 
 ,
 
 676 S.E.2d 559
 
 (2009),
 
 disc. review denied,
 

 363 N.C. 810
 
 ,
 
 692 S.E.2d 394
 
 (2010), this Court addressed the
 
 *635
 
 defendant's notice of appeal to superior court from the district court's "preliminary determination." This Court looked to the procedures set forth in N.C. Gen.Stat. § 15A-1432(b) to guide whether the State had properly appealed to the superior court under N.C. Gen.Stat. § 20-38.7(a).
 
 Id.
 
 at 205-06, 676 S.E.2d at 562.
 

 This Court reasoned that N.C. Gen.Stat. § 15A-1432 was enacted to "create[ ] a simplified motion practice for the State's appeal," "regulates the appeals by the State to superior court from a district's court's final order dismissing criminal charges against a defendant," and "is analogous to [N.C. Gen.Stat.] § 20-38.7(a)."
 
 Id.
 
 at 205, 676 S.E.2d at 562.
 

 N.C. Gen.Stat. § 15A-1432, entitled "Appeals by State from district court judge," provides, in part:
 

 (a) Unless the rule against double jeopardy prohibits further prosecution, the State may appeal from the district court judge to the superior court:
 

 (1) When there has been a decision or judgment dismissing criminal charges as to one or more counts.
 

 ....
 

 (b) When the State appeals pursuant to subsection (a) the appeal is by written motion
 
 specifying the basis of the appeal
 
 made within 10 days after the entry of the judgment in the district court. The motion must be filed with the clerk and a copy served upon the defendant.
 

 N.C. Gen.Stat. § 15A-1432(a)(1), (b) (2015) (emphasis supplied). Here, Defendant contends the State failed to sufficiently "specify[ ] the basis of the appeal."
 
 Id.
 

 The State's written notice of appeal in
 
 Palmer
 
 included the defendant's name and address, and file number.
 
 Id.
 
 at 206, 676 S.E.2d at 562. The document stated the State " 'appeals to superior court the district court preliminary determination granting a motion to suppress or dismiss.' "
 
 Id.
 
 at 206, 676 S.E.2d at 562-63. The document "also enumerated the issues raised in defendant's ... pretrial motion to suppress, and recited almost verbatim all of the district court's findings of fact from its ... preliminary determination."
 
 Id.
 
 at 206, 676 S.E.2d at 563.
 

 The State's notice of appeal in
 
 Palmer
 
 did not specify the date of the district court's preliminary determination from which it was appealing. The superior court concluded it had no basis to determine whether the
 
 *636
 
 notice of appeal was timely and was without jurisdiction to hear the State's appeal.
 
 Id.
 
 at 206-07, 676 S.E.2d at 563.
 

 This Court held in
 
 Palmer:
 

 [W]e have declined to infer that the General Assembly intended to engraft upon N.C. Gen.Stat. § 20-38.7(a) the ten-day time limit for making an appeal specified in N.C. Gen.Stat. § 15A-1432(b). Accordingly, in light of the information that was included in the State's written motion, we hold the State's appeal sufficiently comported with the
 
 remaining
 
 requirements of N.C.G.S. § 15A-1432(b), and that the superior court erred by concluding that it was "unable to determine that it ha[d] jurisdiction to hear the State's 'appeal [,'] as the proper basis for this 'appeal' and the [superior c]ourt's jurisdiction to hear an appeal of this matter [wa]s not properly alleged in the State's sole filing in this matter."
 

 Id.
 
 at 207, 676 S.E.2d at 563 (emphasis supplied).
 

 In
 
 Palmer,
 
 this Court upheld the validity of the State's written notice of appeal, despite the State's failure to note the specific findings of fact in dispute. Here, the State's notice of appeal reads the "State disputes the District Court Judge's Findings of Fact."
 

 We are bound by
 
 Palmer
 
 and hold the trial court erred in dismissing the State's notice of appeal under N.C. Gen.Stat. § 20-38.7(a) as insufficient. Neither the plain language of N.C. Gen.Stat. § 20-38.7(a) nor
 
 *373
 
 § 15A-1432(b) requires the State to set forth the specific findings of fact to which it objects in its notice of appeal to superior court. We decline to extend the language of the statute to require this.
 

 The record states on 30 May 2014, after the State filed its notice of appeal to superior court, the Senior Resident Superior Court Judge of the 26th Judicial District entered an Administrative Order, as follows:
 

 ADMINISTRATIVE ORDER CONCERNING APPEALS BY THE STATE UNDER NCGS SEC. 20-38.7
 

 Pursuant to the inherent authority of the Court and for the purpose of promoting the efficient disposition of appeals made by the State of North Carolina from the District Court of Mecklenburg County to the Superior Court of Mecklenburg under the provisions of NCGS Sec. 20-38.7,
 
 *637
 
 IT IS ORDERED:
 

 1. Whenever the State appeals from a district court preliminary determination granting a motion to suppress or dismiss as permitted by NCGS 20-38.7, the State shall specify with particularity in its written notice of appeal those findings of fact made by the district court, or portions thereof, which the State disputes in good faith; a broadside exception to the district court's findings of fact is not permitted.
 

 2. Prior to the hearing of the State's appeal, counsel for the defendant and the assistant district attorney prosecuting the appeal shall confer and make a good faith effort to stipulate to any facts that are not in dispute. The stipulations, if any, shall be reduced to writing, signed by the attorneys for the State and defendant, and filed with the Clerk of Superior Court.
 

 3. This Order shall apply to all appeals made by the State under the provisions of NCGS Sec. 20-38.7 on and after June 9, 2014.
 

 The Senior Resident Superior Court Judge has the authority to enter local rules and administrative orders governing practices and procedures within that Judicial District.
 
 See
 
 N.C. Gen.Stat. § 7A-41.1(c) (2015). The entered administrative order provides guidance on the local practice and procedure concerning "dispute(s) about the findings of fact." N.C. Gen.Stat. § 20-38.7(a).
 

 The State has not appealed from this order and it is not before us on this appeal. The State's notice of appeal to superior court was entered prior to the filing of this administrative order, and it is not applicable to this case on remand.
 

 IV. Conclusion
 

 We remand this matter to the superior court to review the district court's 12 June 2013 "preliminary determination" on Defendant's motion to suppress according to the statutory standard of review set forth in N.C. Gen.Stat. § 20-38.7(a). The trial court should address the State's challenges to the district court's findings of fact at a hearing pursuant to N.C. Gen.Stat. § 20-38.7(a) and N.C. Gen.Stat. § 15A-1432.
 

 REMANDED.
 

 Panel Consisting of: CALABRIA, STROUD, TYSON, JJ.