STATE OF NORTH CAROLINA v. ROBERT LEE EARL JOE

No. 333PA11

(Filed 13 April 2012)

**Criminal Law— dismissal—by motion of the court—no authority**

The trial court had no authority to enter an order dismissing a criminal prosecution on its own motion. The case was remanded for consideration of the State's argument concerning a motion to suppress.

On discretionary review pursuant to N.C.G.S. § 7A 31 of a unanimous decision of the Court of Appeals, —— N.C. App. ——, 711 S.E.2d 842 (2012), affirming an order dismissing all charges against defendant

entered on 19 May 2010 by Judge Patrice A. Hinnant in Superior Court, Forsyth County. Heard in the Supreme Court on 12 March 2012.

*Roy Cooper, Attorney General, by Derrick C. Mertz, Assistant Attorney General, for the State-appellant.*

*Ann B. Petersen for defendant-appellee.*

PER CURIAM.

The State of North Carolina seeks review of the unanimous Court of Appeals decision affirming the trial court's dismissal of all charges against defendant. Defendant was charged with resisting a public officer, felony possession of cocaine with intent to sell or deliver, and attaining habitual felon status. Defendant filed both a motion to dismiss the resisting charge and a motion to suppress all evidence seized during the search incident to arrest. At a pretrial evidentiary hearing on the motions, the trial court granted both of defendant's motions, thus dismissing the charge of resisting a public officer and suppressing all evidence seized. Immediately thereafter, the State announced to the trial court that it "would be unable to proceed with the case in chief" on the remaining charges. As a result, the other charges were dismissed. The State appealed. The Court of Appeals affirmed the trial court, reasoning that the prosecutor's statements to the trial court amounted to a dismissal in open court, under N.C.G.S. § 15A-931. *State v. Joe,* — N.C. App. —, —, 711 S.E.2d 842, 848 (2011).

A trial court may grant a defendant's motion to dismiss under N.C.G.S §§ 15A-954 or 15A-1227, or the State may enter "an oral dismissal in open court" pursuant to N.C.G.S. § 15A-931. Although we do not agree with the Court of Appeals' holding that the prosecutor's statements amounted to a dismissal in open court, we also conclude that the trial court had no authority to enter an order dismissing the case on its own motion.

Accordingly, we vacate the decision of the Court of Appeals to the extent it may be read as affirming the trial court's dismissal of charges on its own motion. Therefore, we remand to the Court of Appeals for consideration of the State's argument pertaining to the motion to suppress. As to all other issues, we hold that discretionary review was improvidently allowed.

VACATED IN PART AND REMANDED; DISCRETIONARY REVIEW IMPROVIDENTLY ALLOWED IN PART.