McCULLOUGH, Judge.
 

 *449
 
 The State appeals from the superior court's order dismissing the State's appeal and, in the alternative, affirming the district court's dismissal of the case. The State also filed a petition for writ of certiorari ("PWC") seeking review of the grant of Charles Michael Loftis' ("defendant") motion to suppress. For the following reasons, we affirm the superior court and deny the State's PWC.
 

 I.
 
 Background
 

 On 15 September 2012, Brittany Jefferson attempted to enter the drive-thru lane at a Burger King in Greenville, North Carolina when another vehicle cut her off. Ms. Jefferson honked her horn at the vehicle as she had to brake quickly to avoid a collision. The operator of the
 
 *450
 
 other vehicle, later identified as defendant, leaned out the window and yelled obscenities at her. Based on defendant's behavior, Ms. Jefferson believed defendant was impaired. Ms. Jefferson then called 911, provided the operator her name and phone number, and reported what had just occurred. Officer Clarence Jordan with the Greenville Police Department was across the street from the Burger King and received the call regarding a silver Jeep at the Burger King. He observed a silver Jeep
 
 *888
 
 leave the Burger King and followed the car down Memorial Drive. While following the Jeep, Officer Jordan observed defendant move abruptly into the far right lane and make a wide right turn, "like a tractor-trailer turn" onto Regency Drive. At that time, Officer Jordan initiated a traffic stop which resulted in defendant being cited for driving while impaired in violation of
 
 N.C. Gen. Stat. § 20-138.1
 
 .
 

 On 26 November 2012, defendant filed a motion to suppress the results of breath tests in which he provided breath samples indicating a blood alcohol level over the legal limit and a motion to suppress evidence on the ground that there was no reasonable or articulable suspicion to stop his vehicle. Defendant also filed a motion to dismiss the impaired driving charge on 10 March 2014 alleging double jeopardy after the driver's license was revoked as a civil penalty.
 

 Defendant's motion to suppress the stop was heard in Pitt County District Court before the Honorable Lee Teague on 18 November 2014. The district court issued a "pre-trial indication" pursuant to
 
 N.C. Gen. Stat. § 20-38.6
 
 (f) on 19 November 2014 in which it concluded that "there was not reasonable suspicion to stop the [d]efendant's vehicle and [d]efendant's motion should be preliminarily granted." The State gave oral notice of appeal when the district court announced its decision and then filed notice of appeal from the pre-trial indication on 24 November 2014. The matter was heard in Pitt County Superior Court on 25 March 2015 by the Honorable Walter H. Godwin. After the hearing, the superior court affirmed the district court's pre-trial indication. In an order signed on 4 May 2015 and filed on 15 May 2015, the superior court judge concluded "[the officer] did not have a reasonable or articulable suspicion to stop defendant's motor vehicle and the District Trial Court was correct when it preliminarily granted his
 
 Motion to Suppress Evidence
 
 ." The case was then remanded to district court.
 

 On 2 June 2015, the State moved to continue the case. The district court allowed the State's motion and continued the case until 16 June 2015, indicating it was the last continuance for the State by checking item number twelve on the order, which reads "Last Continuance For the," and circling "State."
 

 *451
 
 When the case was later called on 16 June 2015, the State requested another continuance so that it could petition this Court pursuant to a writ of certiorari for review of the order granting defendant's motion to suppress. The district court judge denied the State's motion to continue and signed and filed the final order of suppression on 16 June 2015. The district court judge then directed the State to call the case or move to dismiss defendant's case. When the State refused to take any action, the district court, on its own motion, dismissed the case based on the State's failure to prosecute.
 

 On 22 June 2015, the State appealed the district court's dismissal of the case to superior court. On 31 July 2015, defendant filed a motion to dismiss the State's appeal and a response to the State's appeal.
 

 The State's appeal was heard in Pitt County Superior Court on 31 July 2015 by the Honorable Milton Fitch, Jr. Following the hearing, Judge Fitch granted defendant's motion to dismiss the State's appeal and, in the alternative, affirmed the district court's dismissal of the case after entry of the suppression order. The order was signed on 8 August 2015 and filed on 23 September 2015.
 

 The State filed notices of appeal from Judge Fitch's order on 29 and 30 September 2015. On 18 February 2016, the State petitioned this Court for writ of certiorari requesting that this Court review the grant of defendant's motion to suppress.
 

 II.
 
 Discussion
 

 The procedural history recited above is important as we must examine what issue is before us. The State finally filed its PWC on 18 February 2016 and requests that this Court ignore the procedural history by going to the merits of this traffic stop case. In our discretion, we decline to grant the writ and address the merits as we believe to do so would indicate that the State is exempt from the district court's decision on when a case is to be heard and would imply that granting a continuance motion but indicating that it is
 
 *889
 
 the "last continuance" is inapplicable to the State.
 

 In the case at bar, the State is no doubt frustrated with the district and superior court rulings on defendant's motion to suppress. Nevertheless, the State had an avenue to challenge these rulings which the State perceives to be erroneous. While the State may not appeal the superior court's affirmance under
 
 N.C. Gen. Stat. § 20-38.7
 
 ,
 
 see
 

 State v. Fowler,
 

 197 N.C.App. 1
 
 , 11,
 
 676 S.E.2d 523
 
 , 535 (2009),
 
 disc. review denied and appeal dismissed,
 

 364 N.C. 129
 
 ,
 
 696 S.E.2d 695
 
 (2010), and
 
 State v. Palmer
 
 ,
 
 197 N.C.App. 201
 
 , 203,
 
 676 S.E.2d 559
 
 , 561 (2009),
 
 disc. review
 

 *452
 

 denied and appeal dismissed,
 

 363 N.C. 810
 
 ,
 
 692 S.E.2d 394
 
 (2010), the State could have proceeded with a PWC.
 
 See
 

 State v. Osterhoudt
 
 ,
 
 222 N.C.App. 620
 
 , 626,
 
 731 S.E.2d 454
 
 , 458 (2012). Of this the State was well aware, and in fact, had informed the district court and opposing counsel of its intent to do so as early as 2 June 2015.
 

 Although the State had the transcript of the superior court hearing by 17 April 2015, the superior court's suppression order was filed by 15 May 2015, and the State indicated its intention to file a petition by 2 June 2015, no action was taken before the case was called on 16 June 2015. It should be noted that the "last continuance" to 16 June 2015 was over defense counsel's objection and an examination of the record reveals that this case had already been continued over fifteen times at the request of either the defense, the court, or the State.
 

 The issue before this Court, however, is not the district court's denial of the State's motion to continue the case on 16 June 2015. The matter on appeal is the correctness of the superior court's 23 September 2015 order dismissing the State's appeal and, in the alternative, affirming the district court's dismissal of the case. These matters are issues of law, which this Court reviews
 
 de novo
 
 .
 

 The Criminal Procedure Act provides that the State may appeal a district court ruling that dismisses criminal charges to the superior court unless the rule against double jeopardy prohibits further prosecution. N.C. Gen. Stat. § 15A-1432(a) (2015).
 

 When the State appeals pursuant to [ N.C. Gen. Stat. § 15A-1432(a) ] the appeal is by written motion specifying the basis of the appeal made within 10 days after the entry of the judgment in the district court. The motion must be filed with the clerk and a copy served upon the defendant.
 

 N.C. Gen. Stat. § 15A-1432(b) (2015).
 

 In the present case, the State's notice of appeal from the district court to the superior court stated that it was appealing the district court's decision, but did not otherwise specify any basis for its appeal. In full, the State's notice of appeal reads as follows:
 

 NOW COMES THE STATE OF NORTH CAROLINA, by the undersigned Assistant District Attorney and pursuant to North Carolina General Statute § 15A-1432, gives notice of appeal to the Superior Court from the written Order of the Honorable Lee Teague, District Court Judge Presiding, dated June 16, 2015. By its order, the court dismissed, the
 
 *453
 
 Driving While Impaired charge against the above named defendant after denying the State's motion to continue the case during a criminal session of District Court on June 16, 2015.
 

 While this Notice may be sufficient for an appeal to this Court, as provided in N.C. Gen. Stat. § 15A-132(b), the State is required to specify the basis for its appeal to the superior court. An appeal under this statute requires more specificity than merely identifying the order which is being appealed.
 
 See
 

 State v. Hinchman
 
 ,
 
 192 N.C.App. 657
 
 , 662,
 
 666 S.E.2d 199
 
 , 202 (2008) ;
 
 State v. Hamrick,
 

 110 N.C.App. 60
 
 , 64,
 
 428 S.E.2d 830
 
 , 832 (1993). For this reason alone, we believe Judge Fitch acted properly in granting defendant's motion to dismiss the State's appeal.
 

 Yet, addressing the superior court's alternative ruling, we still affirm the decision. Undoubtedly the District Attorney was in an awkward position when the case was called on 16 June 2015 after defendant's motion to suppress was granted. This case posture, however, had been foreseen by the North Carolina State Bar (the "Stare Bar") which
 
 *890
 
 issued a Formal Ethics Opinion in 2009. That Opinion reads as follows:
 

 A lawyer has an ethical duty, under Rule 3.1, not to bring a proceeding unless there is a basis in law and in fact for doing so that is not frivolous. In light of this duty, a prosecutor who knows that she has no admissible evidence supporting a DWI charge to present at trial must dismiss the charge prior to calling the case for trial.
 

 2009 N.C. Eth. Op. 15 (N.C. St. Bar.),
 
 available at
 

 2010 WL 610308
 
 .
 

 The State found itself in this position by its own inaction. Having had the transcript since 17 April 2015, having had the order affirming the district court's pre-trial indication since 15 May 2015, and having stated its intention to file a PWC on 2 June 2015, but not having filed any petition by 16 June 2015, the State was obligated to move to dismiss. In the case
 
 sub judice
 
 , the State did nothing. The Assistant District Attorney refused to call the case and ultimately the court dismissed this case pursuant to its inherent power to manage its own docket, a right we have frequently recognized.
 
 See
 

 Simeon v. Hardin,
 

 339 N.C. 358
 
 ,
 
 451 S.E.2d 858
 
 (1994) (the district attorney may prepare the calendar, but the court holds ultimate authority over dockets).
 

 While the State argues that the dismissal was not permissible under N.C. Gen. Stat. § 15A-954, that statute was not relied upon by the court as it applies only to motions by defense counsel; although, had
 
 *454
 
 defendant moved for a dismissal pursuant to N.C. Gen. Stat. § 15A-954, dismissal could have been based on N.C. Gen. Stat. § 15A-954(a)(7), which provides:
 

 (a) The court on motion of the defendant must dismiss the charges stated in a criminal pleading if it determines that:
 

 ....
 

 (7) An issue of fact or law essential to a successful prosecution has been previously adjudicated in favor of the defendant in a prior action between the parties.
 

 N.C. Gen. Stat. § 15A-954(a)(7) (2015).
 

 III.
 
 Conclusion
 

 In this case, we conclude that the State delayed filing its petition for a writ of certiorari beyond the date that the case was calendared for its final hearing. As the State failed to dismiss the charge, as it is required to do pursuant to the State Bar's Formal Ethics Opinion, it was proper for the district court to dismiss the charge
 
 sua sponte
 
 . Moreover, when the State appealed the district court's dismissal, the notice of appeal did not specify a basis for its appeal. Consequently, the superior court did not err when it dismissed the appeal and in the alternative, affirmed the district court's dismissal of the case.
 

 AFFIRMED.
 

 Judges STEPHENS and ZACHARY concur.