TYSON, Judge.
 

 *862
 
 The State appeals from the superior court's order affirming the district court's final order, which granted Jeffrey Robert Parisi's ("Defendant") motion to suppress and dismissed the charge of driving while impaired ("DWI"). We dismiss in part, vacate in part, and remand.
 

 I. Factual Background
 

 On 1 April 2014, at approximately 11:30 p.m., Wilkesboro Police Officer Anderson was operating a checkpoint and observed Defendant as he drove up to the checkpoint. While Officer Anderson observed nothing illegal about Defendant's driving, he overheard a "disturbance" between the occupants inside the vehicle. When the vehicle approached where Officer Anderson was standing, the occupants became silent.
 

 Officer Anderson approached the driver's door and shined his light into the vehicle to look at the occupants. At that point, Officer Anderson observed an opened carton, or "box," used to carry alcohol located on the passenger side floorboard. He did not observe any opened individual bottles or cans of alcohol. He also noticed an odor of alcohol coming from the vehicle.
 

 Officer Anderson spoke with Defendant and observed Defendant had glassy and watery eyes. Officer Anderson asked Defendant to pull off to the side of the road and requested Defendant to exit the vehicle. At this point, Officer Anderson realized the moderate smell of alcohol was coming from Defendant and not from inside the vehicle. Defendant admitted he had consumed three beers earlier in the evening.
 

 Officer Anderson testified Defendant "did not appear grossly impaired," but had Defendant perform three field sobriety tests: the walk-and-turn test, the one-leg-stand test, and the Horizontal Gaze Nystagmus ("HGN") test. Before each test, Officer Anderson gave Defendant instructions on how to perform the test, which Defendant was able to follow.
 

 *526
 
 On the walk-and-turn test, Defendant had a gap, greater than a half an inch, between his heel and toe on two steps. Officer Anderson
 
 *863
 
 testified this counted as one clue out of eight possible clues of impairment. On the one-leg-stand test, Defendant swayed and used his arms for balance, which Officer Anderson counted as two out of four possible clues of impairment. Officer Anderson also administered the HGN test and, over Defendant's objection, was allowed to testify as an expert on the test. Officer Anderson testified all six clues of impairment were present on the test.
 

 Based upon these tests, Officer Anderson formed an opinion that Defendant had consumed a sufficient quantity of alcohol to impair his mental and physical faculties. Defendant was charged with driving while impaired. The next day, a magistrate's order was entered finding probable cause to detain.
 

 On 17 June 2015, Defendant appeared in Wilkes County District Court and made a pre-trial, oral motion to "suppress pc & checkpoint." The district court denied the checkpoint motion, but granted the motion to suppress. The State gave oral notice of appeal.
 

 Before the district court entered its written order, the State filed a written notice of appeal to the superior court on 27 July 2015 to ensure that its appellate rights were preserved. The sole basis for the State's appeal was "that there was probable cause to arrest Defendant for the charge of driving while impaired."
 

 The district court entered a written order on 23 September 2015. While the written order was labeled "Preliminary Order of Dismissal," it only granted Defendant's motion to suppress and did not dismiss Defendant's charge. The State again filed a written notice of appeal to the superior court pursuant to
 
 N.C. Gen. Stat. § 20-38.7
 
 . The State argued "no competent evidence was presented to support the motion to suppress."
 

 Aside from the district court's order being labeled as a "dismissal," nothing indicates the district court actually entered a preliminary dismissal or that the State had appealed from such a dismissal. Each of the State's notices of appeal specifically and solely addressed Defendant's motion to suppress. However, on appeal, the superior court granted "Defendant's Motion to Suppress
 
 and Motion to Dismiss
 
 " and remanded the case to the district court for entry of a final order "consistent with [its] Order." (emphasis supplied). On 11 March 2016, the district court entered its final order, which suppressed evidence supporting Defendant's arrest and dismissed the DWI charge.
 

 The State appealed the district court's final order to the superior court, along with the proper certification.
 
 See
 

 *864
 
 N.C. Gen. Stat. § 15A-1432 (2015). On 6 April 2016, the superior court affirmed the district court's final order suppressing the evidence supporting the arrest of Defendant and dismissing the charge. The State appeals.
 

 II. Issues
 

 The State argues the district court erred by (1) concluding that Officer Anderson lacked probable cause to arrest Defendant for driving while impaired, and (2) granting Defendant's motion to suppress and dismissing the case. The State further argues the superior court erred by affirming the district court's final order and requests this Court to reverse the superior court's order.
 

 Defendant argues this Court lacks jurisdiction to hear this case. He asserts he did not make a pre-trial motion to dismiss and the district court never entered a preliminary order dismissing the case. As a result, the superior court on its review of the district court's preliminary order lacked subject matter jurisdiction to remand the case for dismissal. If so, the superior court possessed jurisdiction to solely consider the district court's preliminary order granting Defendant's motion to suppress. Defendant argues the superior court and district court orders dismissing the case are nullities and the State has no statutory right to appeal the district court's final order suppressing the evidence.
 

 Defendant further argues, even if this Court has jurisdiction to hear the State's appeal, the district court did not err in granting Defendant's motion to suppress. Defendant
 
 *527
 
 argues the district court's findings of fact support its conclusion of law that he was arrested without probable cause.
 

 III. Standard of Review
 

 The issue of subject matter jurisdiction may be raised at any time, including for the first time on appeal.
 
 Huntley v. Howard Lisk Co., Inc.
 
 ,
 
 154 N.C.App. 698
 
 , 700,
 
 573 S.E.2d 233
 
 , 235 (2002). Our standard of review for questions of subject matter jurisdiction is
 
 de novo
 
 .
 
 McKoy v. McKoy
 
 ,
 
 202 N.C.App. 509
 
 , 511,
 
 689 S.E.2d 590
 
 , 592 (2010).
 

 IV. Jurisdiction
 

 The procedure and appeals process for implied-consent offenses has been the subject of several recent cases before our courts.
 
 See e.g.
 
 ,
 
 State v. Miller
 
 , --- N.C.App. ----,
 
 786 S.E.2d 367
 
 (2016) ;
 
 State v. Bryan
 
 ,
 
 230 N.C.App. 324
 
 ,
 
 749 S.E.2d 900
 
 (2013),
 
 disc. review denied
 
 ,
 
 367 N.C. 330
 
 ,
 
 755 S.E.2d 615
 
 (2014) ;
 
 State v. Osterhoudt
 
 ,
 
 222 N.C.App. 620
 
 ,
 
 731 S.E.2d 454
 
 (2012) ;
 
 State v. Palmer
 
 ,
 
 197 N.C.App. 201
 
 ,
 
 676 S.E.2d 559
 
 (2009) ;
 
 State v. Fowler
 
 ,
 
 197 N.C.App. 1
 
 ,
 
 676 S.E.2d 523
 
 (2009).
 

 *865
 

 A. Grounds for the State's Appeal
 

 The State bases its appeal in this case upon
 
 N.C. Gen. Stat. §§ 20-38.7
 
 , 15A-979(c), 15A-1432, and 15A-1445. Neither N.C. Gen. Stat. §§ 15A-979 nor 15A-1445 are applicable to this appeal.
 

 Our case law clearly provides that N.C. Gen. Stat. § 15A-1432 controls an appeal from a judgment of the superior court affirming the district court's final order, not N.C. Gen. Stat. § 15A-1445(a)(1).
 
 Bryan
 
 ,
 
 230 N.C.App. at 327
 
 ,
 
 749 S.E.2d at 902
 
 . N.C. Gen. Stat. §§ 15A-1445(b) and 15A-979 are also inapplicable.
 
 See
 

 Osterhoudt
 
 ,
 
 222 N.C.App. at 625
 
 ,
 
 731 S.E.2d at 458
 
 . These statutes allow the State to appeal to this Court when a superior court grants a defendant's motion to suppress. N.C. Gen. Stat. §§ 15A-1445(b) and 15A-979 (2015).
 

 This Court has clarified "the State receives an automatic appeal as of right
 
 only
 
 from decisions by a superior court acting in its normal capacity."
 
 Bryan
 
 ,
 
 230 N.C.App. at 327-28
 
 ,
 
 749 S.E.2d at 903
 
 (emphasis added) (citing
 
 Osterhoudt
 
 ,
 
 222 N.C.App. at 625
 
 ,
 
 731 S.E.2d at
 
 458 ). In this case, the superior court did not grant Defendant's motion to suppress, but only affirmed the district court's preliminary determination on the motion to suppress, and again later affirmed the district court's final order. The provisions of
 
 N.C. Gen. Stat. §§ 20-38.7
 
 and 15A-1432 govern this appeal.
 

 B. Jurisdiction to Dismiss
 

 Defendant argues this Court lacks jurisdiction to hear the State's appeal on Defendant's motion to suppress. We agree.
 

 "[T]he State cannot appeal proceedings from a judgment in favor of the defendant in a criminal case in the absence of a statute clearly conferring that right."
 
 State v. Dobson,
 

 51 N.C.App. 445
 
 , 446,
 
 276 S.E.2d 480
 
 , 481 (1981).
 
 N.C. Gen. Stat. § 20-38.6
 
 (2015) details the procedure for pre-trial motions in implied-consent offense cases:
 

 The defendant may move to suppress evidence or dismiss charges only prior to trial, except the defendant may move to dismiss the charges for insufficient evidence at the close of the State's evidence and at the close of all of the evidence without prior notice. If, during the course of the trial, the defendant discovers facts not previously known, a motion to suppress or dismiss may be made during the trial.
 

 N.C. Gen. Stat. § 20-38.6
 
 (a).
 

 *866
 
 When a defendant makes a pre-trial motion to suppress or motion to dismiss, the district court may only enter a "preliminary determination" indicating whether the motion should be granted or denied.
 
 N.C. Gen. Stat. § 20-38.6
 
 (f). The district court cannot enter a final judgment on the pre-trial motion until after the State has appealed to the superior court, has indicated it does not intend to appeal, or fails to appeal within the time allowed.
 
 Id
 
 .
 

 N.C. Gen. Stat. § 20-38.7
 
 (2015) provides the process by which the State may appeal the district court's preliminary determination on a defendant's pre-trial motion:
 

 The State may appeal to superior court any district court preliminary determination
 
 *528
 
 granting a motion to suppress or dismiss. If there is a dispute about the findings of fact, the superior court shall not be bound by the findings of the district court but shall determine the matter de novo. Any further appeal shall be governed by Article 90 of Chapter 15A of the General Statutes.
 

 N.C. Gen. Stat. § 20-38.7
 
 (a).
 

 After the superior court considers the State's appeal from the district court's preliminary determination pursuant to
 
 N.C. Gen. Stat. § 20-38.7
 
 (a), the court must "enter an order remanding the matter to the district court with instructions to finally grant or deny the defendant's pretrial motion."
 
 Fowler
 
 , 197 N.C.App. at 11, 676 S.E.2d at 535. The State does not have a statutory right to appeal and cannot appeal to the appellate division from a superior court's interlocutory order remanding the case to the district court for entry of a final order.
 
 Id.
 
 at 7, 676 S.E.2d at 532.
 

 On remand, the district court may properly enter a final order on the defendant's pre-trial motion.
 
 See id.
 
 North Carolina's statutes and case law differentiate the process by which the State can appeal the final order, depending upon whether the district court's final order pertains to a pre-trial motion to suppress or a motion to dismiss.
 
 See id.
 
 ; N.C. Gen. Stat. § 15A-1432. The State does not possess a statutory right to appeal to the appellate division from a district court's final order granting a defendant's pretrial
 
 motion to suppress
 
 evidence.
 
 Fowler
 
 , 197 N.C.App. at 29, 676 S.E.2d at 546.
 

 On the other hand, this Court has held "the State has a right of appeal
 
 to the superior court
 
 from a district court's final
 
 dismissal
 
 of criminal charges against a defendant pursuant to N.C.G.S. § 15A-1432(a)(1)."
 

 *867
 

 Id.
 
 at 30, 676 S.E.2d at 546 (emphasis supplied). The State also has a right to appeal to the appellate division from a superior court's order affirming a district court's pre-trial
 
 dismissal
 
 pursuant to N.C. Gen. Stat. § 15A-1432(e).
 
 Id.
 

 Here, the district court entered a preliminary determination granting Defendant's
 
 motion to suppress
 
 . While the written order was labeled "Preliminary Order of Dismissal," this heading is surplusage, as the district court's written order solely granted Defendant's pre-trial motion to suppress the evidence supporting the arrest of Defendant. Neither the record nor the written order indicated Defendant also made a pre-trial motion to dismiss under
 
 N.C. Gen. Stat. § 20-38.6
 
 (a), or that the district court addressed a dismissal motion. The State appealed the district court's "preliminary determination ... granting defendant's
 
 pretrial motion to suppress the arrest
 
 of Defendant." Nothing in the State's appeal to the superior court indicated it was appealing from the district court's preliminary determination granting a pretrial motion
 
 to dismiss
 
 or that the district court intended to dismiss Defendant's charge pre-trial. (emphasis supplied).
 

 Despite this fact, the superior court granted "Defendant's Motion to Suppress and Motion to Dismiss" and "remanded to the District Court for a final Order consistent with this Court's order." The superior court possessed jurisdiction to remand the motion to suppress to the district court with instructions to grant that motion.
 

 However, the superior court did not possess jurisdiction to remand and order the district court to dismiss Defendant's charges. No motion to dismiss or preliminary determination granting a motion to dismiss had been made by the District Court, and the State did not indicate that it was appealing from such a motion.
 

 The district court followed the superior court's instructions on remand, entered its final order granting Defendant's motion to suppress, and also dismissed the case. Pursuant to N.C. Gen. Stat. § 15A-1432(a), the State again appealed to the superior court, which affirmed the district court's order granting the motion to suppress and its dismissal of the case.
 

 The State purported to appeal the superior court's second order to this Court pursuant to N.C. Gen. Stat. § 15A-1432(e). The superior court's first order remanding the case to the district court with instructions to dismiss was entered without jurisdiction. The subsequent
 
 *529
 
 orders dismissing the charges and affirming that dismissal were also without jurisdiction and erroneous.
 
 *868
 
 The State relies upon a recent case of this Court to argue the district court's authority is not solely dependent upon a pre-trial motion from the parties and that the district court possesses the authority to dismiss an action
 
 sua sponte
 
 following the grant and affirmation of a motion to suppress.
 
 State v. Loftis
 
 , --- N.C.App. ----,
 
 792 S.E.2d 886
 
 (2016). As such, the State contends the district court had authority to dismiss the case
 
 ex mero motu
 
 after the superior court remanded with instructions to grant the motion to suppress. On the facts before us, this contention is without merit.
 

 Our courts' controlling precedents hold that a district court has no authority to dismiss a case pre-trial.
 
 See
 

 State v. Joe
 
 ,
 
 365 N.C. 538
 
 , 539,
 
 723 S.E.2d 339
 
 , 340 (2012) (holding the trial court did not have authority to dismiss the case on its own motion);
 
 State v. Overocker
 
 ,
 
 236 N.C.App. 423
 
 , 436,
 
 762 S.E.2d 921
 
 , 929-30 (2014) (holding the trial court erred in dismissing DWI charge after allowing motion to suppress).
 

 This Court's decision in
 
 Loftis
 
 is distinguishable from these cases. In
 
 Loftis
 
 , the trial court dismissed the pending action due to the State's failure to prosecute.
 
 Loftis
 
 , --- N.C.App. at ----,
 
 792 S.E.2d at 888
 
 . This Court upheld that dismissal on the basis of the trial court's "inherent power to manage its own docket."
 
 Id
 
 . at ----,
 
 792 S.E.2d at 890
 
 .
 

 Here, the State did not fail to prosecute, which would have allowed the district court to dismiss the case
 
 sua sponte
 
 .
 
 See
 

 id
 
 . The trial courts' orders dismissing the case pre-trial were entered without jurisdiction. This argument is overruled.
 

 V. Conclusion
 

 The superior court erred in its review of the district court's preliminary determination to suppress, when it remanded the case to the district court with instructions to dismiss the case.
 

 As such, all subsequent orders dismissing the case were also entered erroneously. We vacate those portions of the trial courts' orders dismissing the case.
 

 The superior court possessed jurisdiction to review the district court's pre-trial preliminary determination on Defendant's motion to suppress. However, the State has no right to appeal the district court's final order granting Defendant's motion to suppress.
 
 See
 

 Fowler
 
 , 197 N.C.App. at 28-29, 676 S.E.2d at 545. We do not address the merits of the State's appeal regarding allowance of the motion to suppress and dismiss that portion of the State's appeal to this Court. The district court's final order to suppress remains undisturbed.
 

 *869
 
 As noted in
 
 Fowler
 
 , "[a] trial court's decision to grant a pretrial motion to
 
 suppress
 
 evidence 'does not mandate a pretrial dismissal of the underlying indictments' because '[t]he district attorney may elect to dismiss or proceed to trial without the suppressed evidence and attempt to establish a
 
 prima facie
 
 case.' "
 
 Fowler
 
 , 197 N.C.App. at 28-29, 676 S.E.2d at 545 (emphasis original) (quoting
 
 State v. Edwards,
 

 185 N.C.App. 701
 
 , 706,
 
 649 S.E.2d 646
 
 , 650,
 
 disc. review denied,
 

 362 N.C. 89
 
 ,
 
 656 S.E.2d 281
 
 (2007) ). As such, we vacate the trial courts' orders of dismissal and remand to superior court for further remand to the district court for trial or further proceedings.
 
 It is so ordered
 
 .
 

 DISMISSED IN PART; VACATED IN PART; AND REMANDED.
 

 Chief Judge McGEE and Judge Stroud concur.